**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**ASHLEE AGUIAR**, OSB #171940
ashleeaguiar@dwt.com
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
fredburnside@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 757-8016

Attorneys for Defendant JPMorgan Chase Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| Dennis Raybould,<br><br>                     Plaintiff,<br><br>     v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC;<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203, (ASSIGNOR),<br><br>RMAC TRUST, SERIES 2016-CTT,<br><br>U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTTT, whose address is 60 LIVINGSTON AVENUE, ST. PAUL, MN 55107-2292, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)<br><br>                   Defendants. | Case No. 6:19-cv-01364-AA<br><br>**DEFENDANT JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II.   BACKGROUND ........................................................................................................ 2

    A.    Plaintiff's loan............................................................................................... 2

    B.    Plaintiff sues Chase twice seeking a declaratory judgment that Chase did not have the right to foreclose. ........................................................................... 3

    C.    Chase sues Plaintiff in Oregon state court for judicial foreclosure and Plaintiff counterclaims and loses on both the counterclaims and the judicial foreclosure claim........................................................................................................... 3

    D.    Plaintiff files a chapter 13 bankruptcy petition to avoid entry of a final judgment against him in the State Court Action. ................................................ 5

    E.    Plaintiff files his current Complaint seeking to relitigate claims and issues already decided in the State Court Action. .......................................................... 5

III.  ARGUMENT ............................................................................................................. 6

    A.    Legal standard for deciding a motion to dismiss under Rule 12(b)(6). ................. 6

    B.    Claim preclusion bars Plaintiff's declaratory relief claim. ..................................... 7

    C.    Issue preclusion bars Plaintiff's claims................................................................. 12

    D.    The Court should dismiss Plaintiff's Complaint because Plaintiff fails to state any claim against Chase............................................................................................ 16

        1.    Plaintiff does not state a declaratory judgment claim because no justiciable controversy exists...................................................................................... 16

        2.    Plaintiff's fraud claim fails for lack of particularity, lack of a material misrepresentation, and lack of harm caused by any misrepresentation. .... 18

IV.   CONCLUSION ......................................................................................................... 21

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare*,
666 F.3d 631 (9th Cir. 2012) ...................................................................9

*Alvarez v. Chevron Corp.*,
656 F.3d 925 (9th Cir. 2011) ...................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)....................................................6, 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 1267 S. Ct. 1955 (2007)...................................................6, 11

*Bell v. Taylor*,
827 F.3d 699 (7th Cir. 2016) ................................................................11, 12

*Benafel v. United States Dep't of Trans.*,
2016 WL 4367246 (D. Or. 2016), *aff'd sub nom. Benafel v. Williams Nw.
Pipeline*, 750 F. App'x 530 (9th Cir. 2018)...........................................13

*C.I.R. v. Bosch's Estate*,
387 U.S. 456 (1967)................................................................................9

*Coultas v. Payne*,
2013 WL 5524139 (D. Or. 2010)...........................................................8

*Crawford v. Marion Cnty. Election Bd.*,
553 U.S. 181 (2008)................................................................................7

*Fireman's Fund Ins. Co. v. N. Pac. Ins. Co.*,
446 Fed. App'x 909 (9th Cir. 2011) .......................................................9

*Garity v. APWU Nat'l Labor Org.*,
828 F.3d 848 (9th Cir. 2016) ...................................................................8

*Goobeck v. Wells Fargo Bank, N.A.*,
2013 WL 4045902 (D. Nev. 2013) .......................................................19

*Havas v. Thorton*,
609 F.2d 372 (9th Cir. 1979) ...............................................................7, 20

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Horner v. Plaza Home Mortg., Inc.*,
   2016 WL 3574551 (D. Or. 2016)..................................................................18, 19

*In re Raybould*,
   2019 WL 1448015 (B.A.P. 9th Cir. Mar. 26, 2019) ............................................5

*In re Watts*,
   298 F.3d 1077 (9th Cir. 2002) ...........................................................................9

*In re Yu*,
   545 B.R. 633 (Bankr. C.D. Cal. 2016), *aff'd sub nom. In re Chunchai Yu*,
   2016 WL 4261655 (B.A.P. 9th Cir. 2016), *aff'd*, 694 F. App'x 542 (9th Cir.
   2017) ...............................................................................................................13

*Johnson v. U.S.*,
   559 U.S. 133 (2010)...........................................................................................9

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ...........................................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007).........................................................................................16

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ...........................................................................7

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
   465 U.S. 75 (1984).............................................................................................7

*Mpoyo v. Litton Electro-Optical Sys.*,
   430 F.3d 985 (9th Cir. 2005) .............................................................................2

*Niranjan v. Bank of Am., N.A.*,
   2013 WL 1701602 (N.D. Cal. 2013) .................................................................19

*O'Connell-Babcock v. Multnomah County*,
   2009 WL 1139441 (D. Or. 2009)......................................................................14

*Paulo v. Holder*,
   669 F.3d 911 (9th Cir. 2011) .........................................................................2, 18

*Rainwater v. Banales*,
   2008 WL 5233138, at *5 (C.D. Cal. 2008).........................................................13

*Raybould v. JP Morgan Chase Bank, N.A.*,
   2014 WL 7146962 (D. Or. 2014).......................................................................3

4848-4458-9986v.7 0036234-000846
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Raybould v. JP Morgan Chase Bank, N.A.*,
   No. 2013 WL 4786492 (D. Or. 2013)....................................................................................3

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
   442 F.3d 741 (9th Cir. 2006) ...............................................................................................7

*Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*,
   304 F.3d 804 (8th Cir. 2002) ..............................................................................................12

*Shaw v. Hahn*,
   56 F.3d 1128 (9th Cir. 1995) ................................................................................................7

*Valley Wood Preserving, Inc. v. Paul*,
   785 F.2d 751 (9th Cir. 1986); *see also Zielinski v. Deihl*, 2011 WL 7422503,
   *2 (D. Or. 2011), *report and recommendation adopted*, 2012 WL 629516 (D.
   Or. 2012) ............................................................................................................................13

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ............................................................................................19

*Vityukov v. Chase Bankcard Servs., Inc.*,
   2010 WL 2812761 (D. Or. 2010), *report and recommendation adopted*, 2010
   WL 2812759 (D. Or. 2010).............................................................................12, 13, 14, 15

**State Cases**

*Barackman v. Anderson*,
   214 Or. App. 660 (2007)....................................................................................................13

*Barackman v. Anderson*,
   338 Or. 365 (2005).............................................................................................................13

*Berg v. Hirschy*,
   206 Or. App. 472 (2006)....................................................................................................16

*Clawson v. Prouty*,
   215 Or. 244 (1959).............................................................................................................15

*Deutsche Bank Trust Co. Americas v. Walmsley*,
   277 Or. App. 690 (2016)................................................................................................18, 19

*Dohr v. Marquardt*,
   70 Or. App. 765 (1985)......................................................................................................11

*Drews v. EBI Companies*,
   310 Or. 134 (1990)...............................................................................................................9

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Johnson v. Miller*,
    113 Or. App. 98 (1992)................................................................................................16

*North Clackamas School Dist. v. White*,
    305 Or. 48, *mod.* 305 Or. 468 (1988).................................................................10

*Ram Tech. Servs., Inc. v. Koresko*,
    215 Or. App. 449 (2007), *opinion adhered to as modified on reconsideration*,
    217 Or. App. 463 (2008), *rev'd on other grounds*, 346 Or. 215 (2009)...................8

*Rennie v. Freeway Transport*,
    294 Or. 319 (1982)..............................................................................................8, 10

*State v. Ipsen*,
    288 Or. App. 402 (2017)........................................................................................15

*Strawn v. Farmers Ins. Co. of Ore.*,
    350 Or. 336 (2011), *adh'd to on recons,* 350 Or. 521 (2011)..............................19

*Van De Hey v. U.S. Nat'l Bank of Ore.*,
    313 Or. 86 (1992).................................................................................................9, 10

*Westwood Const. Co. v. Hallmark Inns & Resorts, Inc.*,
    182 Or. App. 624 (2002)........................................................................................15

**Federal Statutes**

42 U.S.C. § 1983.........................................................................................................15

**State Statutes**

ORS 43.130..........................................................................................................*passim*

ORS 73.0301................................................................................................................18

ORS 86A.175...............................................................................................................17

**Rules**

Fed. R. Civ. P. 8(a)(2)...................................................................................................6

Fed. R. Civ. P. 9(b) .....................................................................................................18

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 6, 7

Local Rule 7-1...............................................................................................................1

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

ORCP 67B ........................................................................................................11

**Treatises**

18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. &
    Proc.: Juris. 2d § 4432 (2d ed. 2002) ....................................................................12

**Other Authorities**

18 *Moore's Fed. Prac.*, § 131.30[2][b]........................................................................12

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## LOCAL RULE 7-1(A) CERTIFICATION STATEMENT

Counsel for Defendant JPMorgan Chase Bank, N.A. ("Chase") attempted to contact *pro se* plaintiff Dennis Raybould in a good faith effort to confer regarding the subject of this motion, as required under Local Rule 7-1.  On September 11, 2019, September 12, 2019, and September 13, 2019, counsel called the phone number listed on plaintiff's complaint, (541) 997-1311, and all three times received a message saying that number has been disconnected or is no longer in service.  On both September 11, 2019 and September 12, 2019, counsel also emailed plaintiff at the most recent email address counsel has for plaintiff stating the basis for the motion and asking plaintiff to call counsel or to provide a functioning phone number so that counsel could speak with plaintiff to confer, but counsel has received no response.

## MOTION

Chase moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint as to Chase with prejudice because claim and issue preclusion bar Plaintiff's claims, and, alternatively, because Plaintiff fails to state any plausible claim for relief against Chase.

This motion is supported by the following memorandum, the concurrently filed Request for Judicial Notice and Declaration of Kevin H. Kono ("Kono Decl.") and exhibits thereto, and the pleadings and filings in this case.

## MEMORANDUM OF LAW

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff has already asserted and lost the claims he attempts to re-litigate in this case. Facing a judicial foreclosure in Oregon state court, Plaintiff asserted as a counterclaim the same declaratory judgment claim he now brings again, and the state court dismissed Plaintiff's counterclaims without leave to amend.  Chase later obtained summary judgment on its claim for judicial foreclosure, determining in its favor the issues underlying Plaintiff's claims here.  On the same day, before the dismissal of Plaintiff's counterclaims and the grant of summary judgment on the foreclosure claim could be reduced to judgment, Plaintiff filed a chapter 13 bankruptcy

Page 1 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

petition. Then, despite the state court adjudication of his claims, Plaintiff filed an adversary proceeding in the bankruptcy court asserting the same claims. Those claims were dismissed following the dismissal of Plaintiff's bankruptcy (for falsely certifying that he met pre-bankruptcy counseling requirements and for failing to meet plan requirements). Plaintiff now brings this action, attempting to re-litigate his already-dismissed claims. The Court should grant Chase's motion because:

*First*, Plaintiff improperly attempts to re-litigate claims and issues an Oregon state court has rejected on the merits. The Court should thus dismiss Plaintiff's complaint as barred by claim and issue preclusion. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011).

*Second*, alternatively, the Court should dismiss Plaintiff's claims with prejudice because they are legally and factually deficient and fail to state any claim against Chase.

## II.    BACKGROUND

Plaintiff has a long history of filing lawsuits asserting the same claims as the present case—this is the *fifth* time Plaintiff has asserted claims arguing Chase is not entitled to foreclose (while never disputing that he is in default on his loan). Chase summarizes Plaintiff's litigation history leading to the present Complaint, followed by a summary of Plaintiff's current allegations, as to which an Oregon state court has already ruled in Chase's favor.

### A.    Plaintiff's loan.

In 2006, Plaintiff borrowed $237,600 secured by a deed of trust for the benefit of Chase Bank USA, N.A. ("Deed of Trust"), which was recorded in Lane County. Kono Decl., Ex. 1. Plaintiff does not dispute the existence of the Note and the Deed of Trust, their general enforceability, or that he has defaulted under the Note and Deed of Trust.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**B.**    **Plaintiff sues Chase twice seeking a declaratory judgment that Chase did not have the right to foreclose.**

Plaintiff's complaint refers to two prior cases in this Court.  Compl., ¶ 47.  In Case No. 6:12-cv-01198-PA (filed in Oregon state court in 2012 and removed to this Court), Plaintiff sued Chase, asserting claims under the FDCPA and RICO, along a with declaratory judgment claim identical to the claim Plaintiff asserts here.  Kono Decl., Ex. 2.  The Court dismissed Plaintiff's Complaint as moot because the statutory time period to complete the nonjudicial foreclosure on which Plaintiff based his claims had expired.  *Raybould v. JP Morgan Chase Bank, N.A.*, No. 2013 WL 4786492 (D. Or. 2013).

In Case No. 6:13-cv-01966-TC (filed in Oregon state court in 2013 and removed to this Court), Plaintiff again sued Chase, again asserting FDCPA and RICO claims along with the identical declaratory judgment claim, and claims for breach of contract, "unsafe and unsound practices," and violation of the breach of the covenant of good faith and fair dealing, all relating to the earlier nonjudicial foreclosure.  Kono Decl., Ex. 3.  Chase again removed, and, after motion practice and a First Amended Complaint, this Court dismissed the FDCPA claim with prejudice and dismissed the remaining claims as moot because no foreclosure was pending.[1] *Raybould v. JP Morgan Chase Bank, N.A.*, 2014 WL 7146962 (D. Or. 2014).

**C.**    **Chase sues Plaintiff in Oregon state court for judicial foreclosure and Plaintiff counterclaims and loses on both the counterclaims and the judicial foreclosure claim.**

On June 8, 2015, Chase filed a Complaint in Oregon state court asserting a claim for judicial foreclosure of Plaintiff's deed of trust (the "State Court Action").[2]  Chase alleged it was the holder of the Note.  Kono Decl., Ex. 6 ¶ 15.  Plaintiff filed several answers and claims in the

---

[1] Plaintiff appealed to the Ninth Circuit, which summarily affirmed the dismissal, holding "that the questions raised in this appeal are so insubstantial as not to require further argument."  Kono Decl., Ex. 4.

[2] Technically, the plaintiff in the State Court Action is JPMorgan Chase Bank, National Association, Its Successors in Interest and/or Assigns.  Kono Decl., Ex. 5.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

State Court Action, culminating with the filing on May 25, 2016, of a "Second Amended Answer, Affirmative Defenses and Amended Counterclaims and Third-Party Claims."  Plaintiff admitted Chase had servicing rights to the loan but denied Chase was the note holder entitled to foreclose; he asserted claims against JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., and Chase Home Finance LLC (and others not at issue here) for (1) Quiet Title; (2) Unlawful Debt Collection; (3) Truth in Lending Act ("TILA"); (4) Civil Conspiracy (RICO); (5) Defamation; (6) Fraud Upon the Court; (7) Declaratory Judgment; (8) Cancellation of Instrument; (9) Replevin; (10) Unlawful Trade Practices; (11) Civil Conspiracy (state law); and (12) Breach of Fiduciary Duty.  Kono Decl., Ex. 7 ¶¶ 231-349.  The declaratory judgment counterclaim sought a declaration "declaring that there is no legal relationship between Plaintiff [Chase] and Defendant [Raybould], and that Plaintiff has no rights to, or secured interest in, the Raybould Defendants' Property."  Kono Decl., Ex. 7 ¶ 328.

Chase moved to dismiss Plaintiff's counterclaims in the State Court Action, and the state court entered an order granting Chase's motion without leave to amend.  Kono Decl., Ex. 8.  The State Court Action then proceeded, with Chase obtaining an order of default or limited judgment of dismissal against all defendants other than Plaintiff and Diane Raybould (who passed away during the pendency of the State Court Action).  Kono Decl., Exs. 9-10.

Chase also moved for summary judgment against Plaintiff, arguing it was entitled to foreclose on the Deed of Trust because it had the right to enforce the Note.  Kono Decl., Ex. 11. Plaintiff opposed that motion, arguing Chase did not have the right to enforce the Note because Plaintiff asserted Chase did not hold the Note.  Kono Decl., Ex. 12.  The state court granted summary judgment against Plaintiff and in JPMorgan Chase Bank, N.A.'s favor on May 8, 2017. Kono Decl., Ex. 13.  Nothing remained to do in the state court except for entry of a general judgment wrapping up the prior adjudications.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**D.     Plaintiff files a chapter 13 bankruptcy petition to avoid entry of a final judgment against him in the State Court Action.**

On the same day the state court granted summary judgment, Plaintiff filed a chapter 13 bankruptcy petition and filed a notice of bankruptcy in the State Court Action, staying that action and preventing entry of the general judgment. *In re Raybould*, USDC Bankr. (Or) Case No. 17-61464-tmr13, Dkt. No. 3. Shortly thereafter, Plaintiff commenced an adversary proceeding, asserting the same claims Plaintiff asserted in the State Court Action. Kono Decl., Ex. 14. The bankruptcy court dismissed the bankruptcy because plaintiff did not make required payments under his bankruptcy plan, failed to submit required tax returns, and had certified in his petition that he had completed required credit counseling but could only produce a post-petition counseling certificate. *In re Raybould*, 2019 WL 1448015, *5-6 (B.A.P. 9th Cir. Mar. 26, 2019). The bankruptcy court dismissed the adversary proceeding because Plaintiff's claims were unrelated to the bankruptcy, and the bankruptcy court declined to retain jurisdiction. *Id.* at *6-7. Plaintiff appealed to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed. *Id.* at *8.

**E.     Plaintiff files his current Complaint seeking to relitigate claims and issues already decided in the State Court Action.**

On the same day Chase moved for entry of judgment following reactivation of the State Court Action after dismissal of the bankruptcy, Plaintiff filed this action in state court, and Chase removed. Kono Decl., Exs. 5, 15; Dkt. No. 1. Plaintiff alleges two claims against Chase.[3]

First, Plaintiff asserts the same declaratory judgment claim he asserted in his four prior actions, challenging Chase's status as holder entitled to enforce the Note. Compl., ¶¶ 67-80.

Second, Plaintiff asserts a claim for fraudulent misrepresentation. Construing the Complaint liberally, Plaintiff alleges that on September 6, 2017, Chase recorded a Corporate Assignment of Deed of Trust to U.S. Bank as trustee for the RMAC Trust, which "was essentially a late record of a previously-made transaction," and was otherwise void because the

---

[3] Plaintiff also asserts a Quiet Title claim and an FDCPA claim against other defendants. Compl., ¶¶ 56-66; 81-87.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

RMAC Trust "does not exist." Compl., ¶¶ 43-46. Plaintiff further alleges that in prior cases between Plaintiff and Chase, including the State Court Action and district court cases discussed above, Chase "stated that the disputed loan was held in their portfolio and was never securitized." Compl., ¶¶ 43-46. Plaintiff claims these statements are "contradicted by the Corporate Assignment" and, therefore, false. Compl., ¶ 49. Plaintiff alleges that, in reliance on Chase's statement, he did not seek continued discovery about whether the Note was securitized in reliance on Chase's statement and that, also in reliance on Chase's statement, the "judges ruled against Plaintiff." Compl., ¶¶ 50-51. Plaintiff alleges unspecified damages as a result of the claimed "fraud." Compl., ¶ 97.

### III.    ARGUMENT

#### A.    Legal standard for deciding a motion to dismiss under Rule 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [it] … [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 1267 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

The Court should dismiss under Federal Rule of Civil Procedure 12(b)(6) claims that fail to meet this standard. While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions." *Twombly*, 550 U.S. at 555. Rather, he must provide the grounds of his entitlement to relief; "formulaic recitations of the elements of a cause of action will not do." *Id.* Moreover, "the tenet that a court must accept as

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…. [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). While legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id.* at 679.

The Court may consider and take judicial notice of prior court filings and official government and publicly recorded documents on a Rule 12(b)(6) motion without converting the motion into one for summary judgment. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (judicially noticing facts from Indiana state website); *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (court may take judicial notice of publicly recorded documents without converting motion to one for summary judgment). Moreover, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Finally, the court may dismiss a complaint without leave to amend where it is clear amendment is futile. *Havas v. Thorton*, 609 F.2d 372, 376 (9th Cir. 1979).

## B.    Claim preclusion bars Plaintiff's declaratory relief claim.

The Court should dismiss Plaintiff's Complaint because Plaintiff already litigated and lost his declaratory relief claim in the State Court Action, which precludes re-litigation in this proceeding of that claim (and the many other claims Plaintiff asserted and lost in the State Court Action). A "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). "Claim preclusion applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

privity between the parties." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016); *see also Ram Tech. Servs., Inc. v. Koresko*, 215 Or. App. 449, 457 (2007), *opinion adhered to as modified on reconsideration*, 217 Or. App. 463 (2008), *rev'd on other grounds*, 346 Or. 215 (2009) ("Under both federal and Oregon precedent, a claim is precluded if (1) the prior litigation involved the same parties, (2) the case concerned issues arising out of the same transactions, (3) the case proceeded to a final judgment, and (4) the claims in the second case could have been joined in the first action.").

Here, the requirements for claim preclusion are met. The prior and present litigation involve the same parties, transactions, and claim.[4]  Chase sued Plaintiff for foreclosure and Plaintiff counterclaimed, seeking the same declaratory relief he now seeks. The underlying transaction here and in the State Court Action are identical—both relate to the Note and Deed of Trust and related foreclosure activity and Plaintiff's challenge to Chase's right to enforce the Note and Deed of Trust and to foreclose. The parties and the claims in the State Court Action and this case are identical.

The Order dismissing Plaintiff's counterclaims in the State Court Action meets the final requirement for claim preclusion, i.e., that the case proceeded to a final judgment. This Court must give the state court's order the preclusive effect that an Oregon state court would. Thus, this court must ascertain and apply Oregon law. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). In so doing, the court must look to the state supreme court to discover both what

---

[4] Plaintiff's addition of parties in this case does not alter the analysis because the declaratory judgment claim has been adjudicated as between Plaintiff and Chase. After a plaintiff prosecutes "one action against a defendant," claim preclusion prevents a plaintiff, and those in privity with the plaintiff, "from prosecuting another action against the *same* defendant." *Rennie v. Freeway Transport*, 294 Or. 319, 323 (1982); *see also Coultas v. Payne*, 2013 WL 5524139, *3-4 (D. Or. 2010) (finding that prior action between plaintiff and *some* defendants precluded a later action between plaintiff and those defendants, even though later action also brought claims against additional defendants). Additional defendants do not change that Plaintiff has litigated and lost against Chase.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

the law is and how it should be applied.  *Johnson v. U.S.*, 559 U.S. 133, 138 (2010).  If the state

supreme court has not spoken on an issue, a federal court may look for guidance to decisions of

the state intermediate appellate court.  *In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002).  A

federal court must adhere to the decisions of the state intermediate appellate court—unless it

finds convincing evidence that the state supreme court would rule differently.  *Id.*; *Fireman's

Fund Ins. Co. v. N. Pac. Ins. Co.*, 446 Fed. App'x 909, 912 (9th Cir. 2011).  The opinion of a

state intermediate appellate court "is a datum for ascertaining state law[,]" but a court may look

to "other persuasive data that the highest court of the state would decide otherwise."  *C.I.R. v.

Bosch's Estate*, 387 U.S. 456, 465 (1967).  If a court is persuaded that the state supreme court

would rule differently, it is the duty of the federal court to disregard the decisions of the state

appellate court and rule as would the state supreme court.  *AE ex rel. Hernandez v. Cnty. of

Tulare*, 666 F.3d 631, 639 (9th Cir. 2012).

Here, Oregon has a preclusion statute, ORS 43.130, which provides that "[t]he effect of a

judgment, decree or ***final order*** in an action, suit or proceeding before a court or judge of this

state" is that a "judgment, decree or ***order*** is, in respect to the matter directly determined,

conclusive between the parties, their representatives and their successors in interest by title

subsequent to the commencement of the action, suit or proceeding, litigating for the same thing,

under the same title and in the same capacity."  (Emphasis added.)  Through ORS 43.130, the

Legislative Assembly has directed that an order that conclusively determines a matter has

preclusive effect regardless whether the determination is reduced to judgment, and the Oregon

Supreme Court has made clear that ORS 43.130 is a "viable statement" of claim preclusion.  *Van

De Hey v. U.S. Nat'l Bank of Ore.*, 313 Or. 86, 90 (1992).[5]

---

[5] Although some Oregon claim and issue preclusion cases do not mention ORS 43.130, this statutory claim preclusion coexists with common law claim preclusion:

> The doctrine of claim preclusion, formerly called *res judicata,* has developed in this state both as statutory law and as common law.  ORS 43.130 provides that certain decisions of a court or judge are conclusive between the parties.  Common law claim preclusion, however, applies even in some administrative proceedings to which the statutory provision does not apply.  *See Drews v. EBI Companies,*

Page 9 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Chase does not find Oregon Supreme Court authority that addresses the situation here—

where counterclaims and cross-claims in a multiple party case are fully disposed of, but not

reduced to judgment—particularly where the opposing party *prevented* the entry of a judgment

by filing bankruptcy just as all claims against all parties are resolved.  But under these

circumstances and the plain language of ORS 43.130, the Oregon Supreme Court would give the

Order preclusive effect.  The dismissal was on the merits—despite multiple amendments,

Plaintiff failed to state any claim for relief.  The Order of dismissal was also final because the

state court dismissed without leave to amend.  The state court had dismissed all counterclaims by

Plaintiff, dismissed one defendant at Chase's request, entered summary judgment against

Plaintiff, and entered an order of default against all other defendants.  Kono Decl., Exs. 8-10, 13.

There was nothing left for the state court to do except to enter the judgment.  The only reason the

judgment was not entered is that Plaintiff ran to this Court on the very day of the summary

judgment ruling and filed a Chapter 13 bankruptcy petition (later dismissed because Plaintiff

misrepresented compliance with pre-filing counseling requirements and failed to make required

payments under his bankruptcy plan), staying proceedings in the state court.  The Oregon

Supreme Court has recognized that "[t]he principal purposes of res judicata are prevention of

harassment of defendants by successive legal proceedings as well as economy of judicial

resources.'"  *Rennie v. Freeway Transp.*, 294 Or. 319, 327 (1982) (quoting *Dean v. Exotic*

*Veneers, Inc.*, 271 Or. 188, 192 (1975)).  Allowing the previously dismissed claims to go

---

310 Or. 134, 142, 795 P.2d 531 (1990) (workers' compensation case).  But, although this court has recognized the existence of the statutory claim preclusion (ORS 43.130) and then applied common law preclusion because the statute did not apply, *see, e.g., North Clackamas School Dist. v. White*, 305 Or. 48, 51–52, 750 P.2d 485, *mod.* 305 Or. 468, 752 P.2d 1210 (1988) (workers' compensation case), the court has applied common law claim preclusion in cases in which the statute would appear to apply without mentioning the existence of the statute. *See, e.g., Rennie v. Freeway Transport,* 294 Or. 319, 323, 656 P.2d 919 (1982) (litigation involving administration of an estate).  Both statements of claim preclusion are viable.

*Van De Hey*, 313 Or. at 90 (1992).

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

forward in this *fifth* successive proceeding—based on the technicality that Plaintiff's bankruptcy filing *prevented* entry of a judgment disposing of the entire state court case—would violate ORS 43.130. It would also encourage Plaintiff's procedural gamesmanship (i.e., filing bankruptcy hours after the summary judgment ruling and filing this action hours after the filing of a motion for entry of judgment in the State Court Action), and allow the re-litigation of claims and waste of judicial resources claim preclusion seeks to prevent.[6]

Indeed, even absent a statute like ORS 43.130, federal courts have moved away from strict compliance with the final judgment requirement where there is a ruling disposing of all claims against a party but no entry of a formal judgment because other claims against other parties remain. For example, the Seventh Circuit has recognized that "a judgment can have the requisite finality for res judicata purposes even if it is not final for purposes of appeal." *Bell v. Taylor*, 827 F.3d 699, 707 (7th Cir. 2016). In the earlier case given preclusive effect in *Bell*, the district court had granted summary judgment on all of Bell's claims against one defendant (Taylor), and on Bell's claims against other defendants on the issue of damages, leaving claims against some defendants for injunctive relief. Bell appealed, and the Seventh Circuit dismissed the appeal because the judgment was not final because the district court had not adjudicated the claims for injunctive relief. *Id.* at 703-04. Before the claims for injunctive relief were adjudicated, Bell filed a second lawsuit asserting essentially the same claims. *Id.* at 704. The district court dismissed the second lawsuit on *res judicata* grounds, even though a final judgment had not yet been entered in the first action. *Id.* The Seventh Circuit then affirmed the application of claim preclusion, noting that as against defendant Taylor, the claims had been

---

[6] In *Dohr v. Marquardt*, the Oregon Court of Appeals held that the grant of partial summary judgment, not reduced to a final judgment under ORCP 67B (what would today be a "limited judgment"), was not a final judgment for claim preclusion purposes because it was subject to revision before entry of a judgment disposing of all claims. 70 Or. App. 765, 768 (1985). Chase notes *Dohr* only in the interest of full disclosure; *Dohr* did not involve the circumstances here, where the court adjudicated all claims but the opposing party took action to thwart entry of a final judgment. Moreover, *Dohr* was decided more than 30 years ago, and the Oregon Supreme Court would likely follow the trend of interpreting broadly what constitutes a final judgment for preclusion purposes.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

disposed of and that disposition was "in no way affected by the court's later rulings on injunctive and declaratory relief as to the other defendants." *Id.* at 708. The Eight Circuit agrees. *Royal Ins. Co. of Am. v. Kirksville Coll. of Osteopathic Med., Inc.*, 304 F.3d 804, 808 (8th Cir. 2002).

Federal commentators also agree. Moore's states that "in a multiparty case, a final ruling on the claims pertaining to one party can have claim-preclusive effect, even though a final judgment will not be entered until claims involving other parties are finally disposed of." *See* 18 *Moore's Fed. Prac.*, § 131.30[2][b] (Matthew Bender 3d ed.). And Wright, Miller, and Cooper note:

> It can be argued that an attempt to enter a final judgment that is not authorized by Rule 54(b) should fail for purposes of preclusion in the same way that it may fail for purposes of appeal. It would be better, however, to follow different rules in these different settings. Preclusion seems warranted so long as the court clearly intended to terminate all proceedings as to the claims or parties involved and no attempt to appeal was thwarted by a ruling that judgment had been entered improperly.

18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc.: Juris. 2d § 4432, pp. 59-60 (2d ed. 2002). Consistent with the developing federal jurisprudence and the policy reasons identified above, and the express language of ORS 43.130, the Oregon Supreme Court would give the state court Order dismissing Plaintiff's case preclusive effect here. Therefore, the Court should dismiss Plaintiff's declaratory judgment claim with prejudice as barred by claim preclusion.

### C.    Issue preclusion bars Plaintiff's claims.

The Court should dismiss Plaintiff's declaratory judgment and fraud claims because the issue at the heart of both claims—the right to enforce the Note—was litigated and determined in the State Court Action between the parties and thus issue preclusion bars Plaintiff's claims.

"[F]ederal courts have consistently accorded preclusive effect to issues decided by state court, thereby promoting comity between state and federal courts." *Vityukov v. Chase Bankcard Servs., Inc.*, 2010 WL 2812761, *3 (D. Or. 2010), *report and recommendation adopted*, 2010 WL 2812759 (D. Or. 2010). Federal courts "must apply state law in determining the extent of

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

preclusion" involving a determination by a state court. *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986); *see also Zielinski v. Deihl*, 2011 WL 7422503, *2 (D. Or. 2011), *report and recommendation adopted*, 2012 WL 629516 (D. Or. 2012) ("The state's law regarding issue preclusion determines the preclusive effect of a state court action on a subsequent federal court action.").  Plaintiff may not litigate an issue from a prior proceeding in a subsequent proceeding when:  (1) the issues are identical; (2) the issue was actually litigated and essential to a final decision on the merits; (3) the party sought to be precluded has had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded was a party, or in privity with a party, to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the court will give preclusive effect.  *Barackman v. Anderson*, 338 Or. 365, 368 (2005); *see also Benafel v. United States Dep't of Trans.*, 2016 WL 4367246, *3 (D. Or. 2016), *aff'd sub nom. Benafel v. Williams Nw. Pipeline*, 750 F. App'x 530 (9th Cir. 2018) (same).  "[T]he party asserting issue preclusion bears the burden of proof on the first, second, and fourth factors, after which the party against whom preclusion is asserted has the burden on the third and fifth factors."  *Barackman v. Anderson*, 214 Or. App. 660, 667 (2007).

All five factors are met here.  Plaintiff was a party to the State Court Action, he had a full and fair opportunity to be heard (through multiple motions to dismiss and opportunities to amend his counterclaims before the final dismissal and by opposing summary judgment), and the State Court Action is the type of proceeding giving rise to preclusive effect.[7]  *See Vityukov*, 2010 WL 2812761, *3 ("[A] circuit court decision is the type of proceeding where this court would acknowledge preclusive effect.").

---

[7] Any argument that Plaintiff's *pro se* status has deprived him of a full and fair opportunity to be heard is irrelevant because *pro se* status does not affect the "full and fair opportunity to litigate" element of issue preclusion.  *See In re Yu*, 545 B.R. 633, 640 (Bankr. C.D. Cal. 2016), *aff'd sub nom. In re Chunchai Yu*, 2016 WL 4261655 (B.A.P. 9th Cir. 2016), *aff'd*, 694 F. App'x 542 (9th Cir. 2017); *see also Rainwater v. Banales*, 2008 WL 5233138, at *5 (C.D. Cal. 2008) ("The mere fact that Plaintiff was litigating pro se does not show he lacked a full and fair opportunity to litigate [in the first action].").

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

The first and second factors are also met because the issues Plaintiff litigated in the State Court Action and the issues Plaintiff raises in his fraud claim are identical and were actually litigated to a final decision on the merits.  The issues are identical because the State Court Action and Plaintiff's present claims require a determination of whether Chase had the right to enforce the Note.  In the State Court Action, Chase sought summary judgment on its foreclosure claim, arguing it had the right to enforce the Note.  Kono Decl., Ex. 11, pp. 4-5.  Plaintiff opposed summary judgment by arguing that Chase did not have the right to enforce the Note.  Kono Decl., Ex. 12, pp. 3-5.  Plaintiff's declaratory judgment claim attempts to challenge again the right to enforce the Note.  Plaintiff's fraud claim alleges that Chase fraudulently misrepresented whether the Note was securitized, causing Plaintiff to "not seek further discovery about the securitization and **about whether [Chase] still owned the note**," and that, "[i]n fact, [Chase] **did not own the note**."  Compl., ¶ 48-52.  (Emphasis added).  The essence of Plaintiff's fraud claim is that Chase did not have the right to enforce the Note because if, as Plaintiff alleges, Chase did not own the Note, Plaintiff argues Chase would not have the right to enforce it.  The State Court Action adjudicated the core issue underlying Plaintiff's declaratory judgment and fraud claims and issue preclusion bars relitigation of that issue.

That Chase's right to enforce the Note was not analyzed as part of a fraud claim in the State Court Action (or specific to securitization) does not change the analysis.  In *Vityukov*, the defendant obtained a default judgment to collect a debt against the plaintiff in Oregon state court. 2010 WL 2812761, *3.  The plaintiff later sued in this Court, alleging unfair debt collection practices.  *Id.*  The Court found that the defendant's "debt collection action against [plaintiff] and [plaintiff's] current action arise from identical issues—the collection of a debt owed by [plaintiff] to [defendant]."  *Id.*  Likewise, in *O'Connell-Babcock v. Multnomah County*, the plaintiff's state court action focused on whether the defendant violated her right to free speech under the Oregon Constitution when it excluded her from a county building.  2009 WL 1139441, *6 (D. Or. 2009).  Plaintiff's subsequent federal action focused on whether the defendant

Page 14 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

violated her constitutional rights under 42 U.S.C. §1983.  The court found that "although the rights conferred by the state and federal constitutions are substantially similar, they are not identical." *Id.* at *6.  Nevertheless, the court held that the "issue presented in the state court was not whether the defendants violated the Oregon Constitution, but whether they had excluded [p]laintiff from [county] facilities for protected speech or for conduct." *Id.*  The court found that the state court "specifically determined that [p]laintiff's exclusion was not based on protected speech," which precluded plaintiff from establishing a freedom of speech violation under the Oregon or federal constitution. *Id.*

Here, as in *Vituykov* and *O'Connell*, Plaintiff's claims and the State Court Action involve the identical issue—whether Chase has the right to enforce the Note.  Regardless the specific claim in which Plaintiff raises the issue (or the specific reason Plaintiff argues Chase cannot enforce the Note), that issue was actually litigated in the State Court Action on summary judgment and was essential to the state court's decision on the merits.  A finding that Chase has the right to enforce the Note was required to find that Chase had the right to foreclose.  And the Court should treat the order on summary judgment as a final determination for the reasons described above—all that was left was for the State Court to enter a judgment on its ruling, which Plaintiff thwarted by racing to bankruptcy court on the same day as the summary judgment ruling.  But a state court Order is a final decision on the merits for issue preclusion purposes.  ORS 43.130(2); *Clawson v. Prouty*, 215 Or. 244, 253 (1959) (finding that state court order voiding sheriff's sale of property was conclusive and precluded subsequent litigation over validity of sale); *see also Westwood Const. Co. v. Hallmark Inns & Resorts, Inc.*, 182 Or. App. 624, 634-36 (2002) (giving preclusive effect to issues decided in connection with arbitration award); *State v. Ipsen*, 288 Or. App. 402, 406 (2017) (finding that trial court order on motion to suppress evidence was essential to final determination on the merits because it was necessary to judgment of conviction and barred relitigation of the motion to suppress).  Issue preclusion bars Plaintiff's claims and the Court should dismiss them with prejudice.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5599 fax

**D.    The Court should dismiss Plaintiff's Complaint because Plaintiff fails to state any claim against Chase.**

If the Court does not dismiss Plaintiff's claims on claim and issue preclusion grounds, the Court should dismiss Plaintiff's declaratory relief and fraud claims against Chase for failure to state a claim.

**1.    Plaintiff does not state a declaratory judgment claim because no justiciable controversy exists.**

Plaintiff's declaratory judgment claim fails to state a claim because there is no justiciable controversy. Before a court will "entertain an action for declaratory relief, the complaint must present a justiciable controversy—that is, an actual and substantial controversy between parties having adverse legal interests that results in specific relief through a binding decree." *Berg v. Hirschy*, 206 Or. App. 472, 475 (2006). The controversy must involve "present facts, not future events or hypothetical issues," it is not enough if "the rights of the plaintiff are contingent on the happening of some event that cannot be forecast and that may never take place." *Id.* Lack of a justiciable controversy implicates the court's subject matter jurisdiction. *Johnson v. Miller*, 113 Or. App. 98, 100 (1992); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (dispute must "be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character").

Here, Plaintiff seeks "a declaration that Defendants are not the owner or holder of any Note encumbering the Property; that Defendants have no secured interest in Plaintiff's property; and that Plaintiff has no legal relationship with Defendants." Compl. ¶ 68. Plaintiff also seeks a declaration that "Defendants are not protected by Holder in Due Course Doctrine" because Defendants either had "notice of the issues present in the mortgages," or improperly endorsed the Note. Compl. ¶¶ 69-73. But Plaintiff bases the claim on the incorrect notion that a non-judicial foreclosure is pending. Compl., ¶ 78 (claiming a due process right to "a hearing before Defendant may take Plaintiff's property by non-judicial foreclosure claim). That is because

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Plaintiff's declaratory judgment claim is a cut-and-paste of the declaratory judgment claims Plaintiff filed in 2012 and 2013, before the State Court Action that established Chase's right to foreclose. *Compare* Compl., ¶¶ 68-79 *with* Kono Decl., Ex. 2 ¶¶ 14-24 and Ex. 3 ¶¶ 99-111. There is no nonjudicial foreclosure alleged or pending, and the State Court Action decided the issues Plaintiff alleges. Plaintiff thus does not allege a justiciable controversy.

In fact, in the State Court Action, Plaintiff admitted and affirmatively alleged that Chase was the loan servicer. Kono Decl., Ex. 7 ¶¶ 4-5. As servicer, Chase had the power to foreclose without regard to who owned the Note or whether the loan was securitized. ORS 86A.175(1), (3)(e)(C) ("With the permission of the lender, note owner, note holder, or other holder of an interest in a note, a mortgage banker[ ] … may service or collect a … mortgage loan in the name of the mortgage banker … or in the name of the lender, note owner, note holder or other holder of an interest in the note," including "[b]ringing and maintaining a suit or action to collect amounts owed on a mortgage banking loan or mortgage loan, including but not limited to exercising contractual, statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership").[8] There is no justiciable controversy because Plaintiff has admitted Chase's power to foreclose, regardless who is "Holder in Due Course."

Plaintiff also fails to present a justiciable controversy because securitization is irrelevant to the right to foreclose. Plaintiff seeks a declaration that "Defendants are not protected by the Holder in Due Course doctrine" because "Defendants had notice of the issues present in the mortgages held by the businesses they acquired." Compl., ¶¶ 69, 72. Plaintiff's sole support for this allegation is a vague story about mortgage backed securities and credit default swaps, and undefined "borrowers" being "misled and lied to in order to lure them into these loans." *Id.* ¶ 70.

---

[8] For purposes of ORS 86A.175, "mortgage banker" includes persons and entities that service mortgage loans for compensation, including institutions like Chase. *See* ORS 86A.175(3)(a).

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

But securitization is irrelevant to the right to foreclose.  To foreclose, Chase only needed to prove, as it did in the State Court Action, that it was the *holder* of the Note (or the servicer entitled to foreclose); securitization is irrelevant to whether Chase held the Note, possession of which indorsed in blank entitles Chase to foreclose.  *Deutsche Bank Trust Co. Americas v. Walmsley*, 277 Or. App. 690, 695-96 (2016) (rejecting focus on securitization and noting that "[i]n the context of judicial foreclosure on a negotiable instrument such as a promissory note secured by a trust deed or mortgage, the power to enforce the underlying note is established by ORS 73.0301 (UCC § 3–301)"); *Horner v. Plaza Home Mortg., Inc.*, 2016 WL 3574551, *4 (D. Or. 2016) ("Additionally, courts in this District have repeatedly rejected the argument that a loan is unenforceable because a loan has been securitized.").[9]

Finally, Plaintiff asks the Court to "require Defendants to prove that the transfer and endorsement [sic] of the notes were proper before allowing them to enforce rights as the new holder of the notes." Compl., ¶ 73.  That is not a request to declare the legal rights and relationships of the parties, and in any event, Plaintiff has already litigated and lost that issue in the State Court Action.  The Court should dismiss Plaintiff's declaratory judgment claim with prejudice as to Chase.

**2.    Plaintiff's fraud claim fails for lack of particularity, lack of a material misrepresentation, and lack of harm caused by any misrepresentation.**

Plaintiff's fraud claim fails because he does not plead the claim with particularity as Fed. R. Civ. P. 9(b) requires and because Plaintiff does not plead plausible facts meeting the required

---

[9] In *Walmsley*, the Oregon Court of Appeals also rejected any claim based on the lender's compliance with securitization documents:

> Furthermore, we reject defendant's contentions that claimed discrepancies relating to plaintiff's compliance with separate contracts pertaining to the securitization of the loan—to which defendant was neither a party nor a beneficiary—negate plaintiff's ability to enforce the note through judicial foreclosure, once the requisites for judicial foreclosure, including plaintiff's status as the holder of the note, had been established.

*Walmsley*, 277 Or. App. at 692.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

elements. Compl., ¶¶ 89-97. "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The only specific statement Plaintiff alleges is Chase's response to a request for admission on May 8, 2017, saying that the loan was not securitized. Compl., ¶ 48. Given that Plaintiff alleges the loan was securitized no later than 2016, Compl., ¶ 30, Plaintiff's fraud claim is time-barred to the extent it is based on alleged statements as to which Plaintiff discovered the alleged falsity before July 12, 2017—such as the response to the request for admissions relating to securitization. Plaintiff cannot avoid the statute of limitations by ignoring pleading requirements. The Court should dismiss Plaintiff's fraud claim for failing to plead with the required particularity.

Plaintiff's claim also fails because Plaintiff has not stated and cannot state sufficient facts for each element of a fraud claim. "The essential elements of a common-law fraud claim are: [1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation was false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Ore.*, 350 Or. 336, 351-52 (2011), *adh'd to on recons,* 350 Or. 521 (2011). Plaintiff fails to state a fraud claim because he offers little more than a formulaic recitation of these elements. *See* Compl., ¶¶ 89-97.

Further, any statement that the loan was not securitized, even if inaccurate, was not a material misrepresentation because securitization is irrelevant to the right to enforce the Note. Plaintiff alleges securitization is material because he says that "after securitization, the only one who has the right to foreclose is the Trustee of the securitization trust[.]" Compl., ¶ 91. That improper legal conclusion is incorrect. Securitization does not affect who is entitled to foreclose. *Walmsley*, 277 Or. App. at 695-96; *Horner* 2016 WL 3574551, *4; *Niranjan v. Bank of Am., N.A.*, 2013 WL 1701602, *2 (N.D. Cal. 2013). Plaintiff cannot state a fraud claim based on statements about securitization because any such statement is immaterial. *See Goobeck v. Wells*

Page 19 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Fargo Bank, N.A.*, 2013 WL 4045902, *3 (D. Nev. 2013) (dismissing borrowers' fraud claim because the "[p]laintiffs['] fraud arguments all focus on the securitization, which is irrelevant for plaintiffs").

Plaintiff's fraud claim fails for the additional reason that Plaintiff does not allege that any alleged misrepresentation caused him harm.  Because securitization is irrelevant to the right to enforce the Note, reliance on the alleged misrepresentation cannot have harmed him.  Had Plaintiff known the loan was securitized and presented that evidence in the State Court Action, the state court still would have granted Chase summary judgment because the state court had satisfied itself that Chase possessed the Note indorsed in blank and was entitled to enforce the Note and Deed of Trust—and also because Plaintiff admitted Chase had servicing rights, which include the right to foreclose.  There was no reasonable reliance and no causation.

Finally, Plaintiff fails to allege the required element of harm.  Plaintiff alleges only that he was "damaged in an amount to be determined at trial."  Compl., ¶ 97.  But the harm Plaintiff alleges is the state court ruling in favor of Chase.  Compl., ¶ 95.  That is not recoverable harm; that is an improper collateral attack on a state court ruling.  The Court should dismiss Plaintiff's fraud claim for failure to state a claim and should dismiss with prejudice because Plaintiff cannot amend to state a claim.  *Havas v. Thorton*, 609 F.2d 372, 376 (9th Cir. 1979).

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## IV.    CONCLUSION

The Court should dismiss Plaintiff's Complaint with prejudice as barred by claim and issue preclusion and for failure to state any claim against Chase because Plaintiff cannot cure the deficiencies in his Complaint by amendment.

DATED this 13th day of September 2019.

DAVIS WRIGHT TREMAINE LLP

By: s/ Kevin H. Kono

**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**ASHLEE AGUIAR**, OSB #171940
ashleeaguiar@dwt.com
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
fredburnside@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 757-8016

Attorneys for Defendant JPMorgan Chase Bank, N.A.

Page 21 - MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of the foregoing **Motion to Dismiss** on:

> Dennis Raybould
> P.O. Box 241
> Florence, OR 97431
> (541) 997-1311
> *Plaintiff in Pro Se*

☒  by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐  by causing a copy thereof to be hand-delivered to said attorney's address as shown above on the date set forth below;

☐  by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said attorney's last-known address on the date set forth below;

☐  by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below; or

☐  by emailing a copy thereof to said attorney at his/her last-known email address as set forth above.

☐  by using electronic transmission of a notice of filing by the electronic filing system provided by the Oregon Judicial Department, Odyssey File and Serve.

Dated this 13th day of September 2019.

DAVIS WRIGHT TREMAINE LLP


By: s/ Kevin H. Kono
  Kevin H. Kono, OSB #023528
  Ashlee Aguiar, OSB #171940
  Of Attorneys for Defendant JP Morgan Chase, N.A.

4848-4458-9986v.7 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax