**STANTON SHELBY**, OSB #044151
sshelby@Aldridgepite.com
**ALDRIDGE PITE LLP**
111 SW Columbia Ave. Suite 950
Portland OR 97201
Telephone: (503) 345-9513
Facsimile: (503) 222-2260

    Attorneys for Defendants Rushmore Loan
    Management Services, LLC.
    and
    US Bank N.A. Not in its Individual
    Capacity but Solely as Trustee for the
    RMAC Trust, Series 2016-CTT, whose
    address is 60 Livingston Avenue, St. Paul
    MN 55107-2292.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| Dennis Raybould,<br><br>        Plaintiff,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC;<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203, (ASSIGNOR),<br><br>RMAC TRUST, SERIES 2016-CTT,<br><br>U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTTT, whose address is 60 LIVINGSTON AVENUE, ST. PAUL, MN 55107-2292, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)<br><br>        Defendants. | Case No. 6:19-cv-1364-AA<br><br>**DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES and US BANK NA, TRUSTEE FOR RMAC TRUST SERIES 2016-CTT'S MOTION TO DISMISS** |

Page 1 – Rushmore and US Bank NA, Trustee for RMAC Trust's MOTION TO DISMISS

## LR 7-1 CERTIFICATE OF COMPLIANCE

Counsel for defendants Rushmore Loan Management Services ("Rushmore") And US Bank NA, Trustee For RMAC Trust Series 2016-CTT ("US Bank") attempted to contact plaintiff in a good faith effort to confer regarding the subject of this motion, as required under Local Rule 7-1. On September 20, 2019, counsel emailed plaintiff at the most recent email address counsel has for plaintiff asking for plaintiff's position and for plaintiff to provide a functioning phone number.. As of the time of filing, Rushmore's counsel has not received any response from plaintiff.

## MOTION

Rushmore and US Bank move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint as to Rushmore and US Bank with prejudice because claim and issue preclusion bar Plaintiff's claims, and, alternatively, because Plaintiff fails to state any plausible claim for relief against Rushmore and US Bank.

This motion is supported by the following memorandum, and the pleadings and filings in this case.

## MEMORANDUM OF LAW

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff has already asserted and lost the claims he attempts to re-litigate in this case. Facing a judicial foreclosure in Oregon state court, Plaintiff asserted as counterclaims against Chase (Rushmore and US Bank's predecessor-in-interest) the same Quiet Title, FDCPA, and declaratory judgment claims he now brings against Rushmore and US Bank; the state court dismissed Plaintiff's counterclaims without leave to amend. Chase later obtained summary judgment on its claim for judicial foreclosure, determining in its favor the issues underlying Plaintiff's claims here. On the same day, before the dismissal of Plaintiff's counterclaims and

the grant of summary judgment on the foreclosure claim could be reduced to judgment, Plaintiff filed a chapter 13 bankruptcy petition. Then, despite the state court adjudication of his claims, Plaintiff filed an adversary proceeding in the bankruptcy court asserting the same claims. Those claims were dismissed following the dismissal of Plaintiff's bankruptcy (for falsely certifying that he met prebankruptcy counseling requirements and for failing to meet plan requirements). Plaintiff now brings this action, attempting to re-litigate his already-dismissed claims. The Court should grant Rushmore's motion because:

*First*, Plaintiff improperly attempts to re-litigate claims and issues an Oregon state court has rejected on the merits. The Court should thus dismiss Plaintiff's complaint as barred by claim and issue preclusion. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005); *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011).

*Second*, alternatively, the Court should dismiss Plaintiff's claims with prejudice because they are legally and factually deficient and fail to state any claim against Rushmore.

## II. BACKGROUND

Co Defendant Chase's Motion to Dismiss Filed Sep 13, 2019 recites the lengthy factual and procedural history of the extensive litigation engendered by Plaintiff; Rushmore and US Bank will not repeat it here.

A. Plaintiff's Current Suit

On the same day Chase moved for entry of judgment following reactivation of the State Court Action after dismissal of the bankruptcy, Plaintiff filed this action in state court. Chase subsequently removed. Plaintiff alleges three claims against Rushmore defendants.

First, Plaintiff asserts the same declaratory judgment claim against Rushmore and US Bank that he asserted in his four prior actions, challenging Rushmore defendants' status as holder entitled to enforce the Note

Second, Plaintiff asserts a claim for quiet title against US Bank seeking a decree quieting title to the real property at issue in Plaintiff. This is the same claim that Plaintiff previously asserted and lost against Chase in the state court judicial foreclosure action.

Third, Plaintiff asserts a claim for violation of the Fair Debt Collections Practices Act (FDCPA) against Rushmore Loan Management Services, LLC only. Plaintiff alleges that Rushmore violated the FDCPA by proceeding with debt collection activities prior to validating the alleged debt. Plaintiff previously asserted and lost similar claims against Chase in the state court judicial foreclosure action.

### III. ARGUMENT

**A. Legal standard for deciding a motion to dismiss under Rule 12(b)(6).**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [it] … [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 1267 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).

The Court should dismiss under Federal Rule of Civil Procedure 12(b)(6) claims that fail to meet this standard. While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions." *Twombly*, 550 U.S. at 555. Rather, he must provide the grounds of his entitlement to relief; "formulaic recitations of the elements of a cause of action will not do." *Id.* Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice…. [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). While legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id.* at 679.

**B. Plaintiffs claims barred by issue and claim preclusion**

**1. Issue preclusion bars Plaintiff's declaratory relief claim.**

The Court should dismiss Plaintiff's claim because Plaintiff already litigated and lost an identical declaratory relief claim in the state court judicial foreclosure, which precludes re-litigation in this proceeding of that claim. Issue preclusion applies to Rushmore because it is in privity with Chase, who argued and won the claim in state court.

*Res judicata* encompasses two subsidiary doctrines, claim preclusion and issue preclusion. *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985). Claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *See Taylor v. Sturgell*, 553 U.S. 880, 892 & n. 5 (2008) (internal quotation marks omitted). Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Id*. (internal quotation marks omitted). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id*., *citing Montana v. United States*, 440 U.S. 147, 153–154 (1979).

Plaintiff may not litigate an issue from a prior proceeding in a subsequent proceeding when: (1) the issues are identical; (2) the issue was actually litigated and essential to a final decision on the merits; (3) the party sought to be precluded has had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded was a party, or in privity with a party, to the prior proceeding; and (5) the prior proceeding was the type of proceeding to which the court will give preclusive effect. *Barackman v. Anderson*, 338 Or. 365, 368 (2005); *see also Benafel v. United States Dep't of Trans.*, 2016 WL 4367246, *3 (D. Or. 2016), *aff'd sub nom. Benafel v. Williams Nw. Pipeline*, 750 F. App'x 530 (9th Cir. 2018) (same). "[T]he party asserting issue preclusion bears the burden of proof on the first, second, and fourth factors, after which the party against whom preclusion is asserted has the burden on the third and fifth factors." *Barackman v. Anderson*, 214 Or. App. 660, 667 (2007)

A "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

"[F]ederal courts have consistently accorded preclusive effect to issues decided by state court, thereby promoting comity between state and federal courts." *Vityukov v. Chase Bankcard Servs., Inc.*, 2010 WL 2812761, *3 (D. Or. 2010), *report and recommendation adopted*, 2010 WL 2812759 (D. Or. 2010). Federal courts "must apply state law in determining the extent of preclusion" involving a determination by a state court. *Valley Wood Preserving, Inc. v. Paul*, 785 F.2d 751, 753 (9th Cir. 1986); *see also Zielinski v. Deihl*, 2011 WL 7422503, *2 (D. Or. 2011), *report and recommendation adopted*, 2012 WL 629516 (D. Or. 2012) ("The state's law regarding issue preclusion determines the preclusive effect of a state court action on a subsequent federal court action.").

Here, the requirements for issue preclusion are met. The same Plaintiff sought the same declaratory relief against Chase in the state court foreclosure action – denying Chase's secured interest in the subject property and challenging to Chase's right to enforce the Note and Deed of Trust and to foreclose. Plaintiff had a full and fair opportunity to litigate that claim in the state court foreclosure action, after which the court dismissed the claim with prejudice.

**2. Claim and issue preclusion bars Plaintiff's claim for Quiet Title against US Bank NA**

Plaintiff's Complaint seeks to adjudicate Quiet Title already adjudicated against him in the Prior Litigation. Plaintiff's claim for Quiet Title against US Bank NA (Complaint ¶¶ 56 to 66) repeats verbatim Plaintiff's counterclaim for Quiet Title against Chase in the state court foreclosure action (see Kono Decl. Ex. 7, ¶¶ 231 to 242). The state court granted Chase's motion to strike and dismiss the counterclaim with prejudice (See Kono Decl. Ex. 8). Since Plaintiff actually litigated this issue and had it adjudicated against him, both issue preclusion and claim preclusion bar the attempt to re-litigate them in the present case.

**C. Plaintiff fails to state a claim against Rushmore and US Bank NA**

### 1. Plaintiff's claim against US Bank NA for Quiet Title fails as a matter of law.

Plaintiff's first claim is for quiet title, asserted against US Bank NA. Plaintiff alleges US Bank NA's claimed "interest" in the subject property arises from the Deed of Trust and the assignment of Deed of Trust. Complaint ¶¶ 56-66. Fatal to Plaintiff's claim is that Oregon is a lien theory state—a deed of trust creates a lien, but does not transfer title—and US Bank NA does not presently assert *title* to Plaintiff's property.

"To secure a judgment quieting title, plaintiffs must prove that they have a substantial interest in, or claim to, the disputed property and that their title is superior to that of defendants." *Coussens v. Stevens*, 200 Or App 165, 171 (2005). Because Plaintiff seeks to quiet title against the beneficiary of a deed of trust and its successor, that claim fails because Oregon is a lien theory state where "a mortgage on real estate does not convey legal or equitable title or interest to the holder of the mortgage (mortgagee)." *Kerr v. Miller*, 159 Or App 613, 621 (1999); *Brown v. HSBC Bank USA, N.A.*, 2013 WL 5603292, *4 (D Or 2013) (dismissing claim for quiet title against lienor because the theory that "defendants do not have an enforceable lien" due to "alleged improper actions taken by defendants in transferring and securitizing the Note and DOT," even if true, would not invalidate the lien). US Bank NA makes no claim to *legal title*, requiring dismissal of Plaintiff's Quiet Title claim.

### 2. Plaintiff's claim for declaratory relief fails to state a justiciable controversy

The "essential elements" of a claim for declaratory relief are as follows:

> "'The requisite precedent facts or conditions which the courts generally hold must exist in order that declaratory relief may be obtained may be summarized as follows: (1) there must exist a justiciable controversy; that is to say, a controversy in which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy, that is to say, a legally protectible interest; and, (4) the issue involved in the controversy must be ripe for judicial determination.'"

*Green v. Cox*, 44 Or App 183, 186 (1980) (quoting *Oregon Cry. Mfgs. Ass'n v. White*, 159

Or 99, 107-108 (1938)). Under Oregon law, a claim for declaratory relief is subject to dismissal for failure to state a claim if it fails to allege a justiciable controversy. *Id.* (affirming dismissal of claim for declaratory relief for failure to allege a justiciable controversy). As the Oregon Court of Appeals has further explained, "in a proceeding for declaratory relief, the claimant's pleadings must allege a cognizable theory of relief, which if proved would support the declaration sought." *In re Estate of Brown*, 206 Or App 239, 248 (2006).

Thus, a declaratory judgment action must be dismissed for lack of a justiciable controversy where the plaintiff fails to allege any basis for obtaining the declaration that he seeks. This is so because, where there is no basis for a court to issue a declaration, there is no real controversy regarding the subject of the declaration. For example, in *Schmelzer v. Wells Fargo Home Mortg.*, 2011 US Dist LEXIS 134015 (D Or, Nov. 21, 2011), the court dismissed the majority of claims in the plaintiff's complaint, including a claim seeking a declaration pursuant to ORS 28.010 that the defendants had no right to foreclose on the plaintiff's property. The court concluded that there was no justiciable controversy regarding the defendants' right to foreclose because, even assuming the plaintiff were to prevail on her surviving claims, that would not provide a basis for a declaration that defendants lacked the right to foreclose.

Here, Plaintiff seeks a declaration that Defendants are not the holder of any Note encumbering the property and have no secured interest in the property. Plaintiff's declaratory relief claim does not allege any facts or legal theories supporting his entitlement to these declarations. Moreover, the state court foreclosure action decided the exact same allegation against Plaintiff. Therefore, Plaintiff does not allege a justiciable controversy.

Plaintiff seeks a declaration that Defendants are not protected by 'Holder in Due Course Doctrine.' Plaintiff's declaratory relief claim alleges the existence of mortgage securities and credit default swaps, but asserts no facts connecting the allegations to Defendants, Plaintiff, or Plaintiff's loan. Additionally, securitization of a loan does not satisfy or nullify the borrower's obligation to make monthly payments on the loan. *Deutsche Bank Trust Co. Americas v.*

*Walmsley*, 277 Or. App. 690 (2016). Plaintiff's default for failing to make monthly payment on the loan was conclusively established in the state court foreclosure action. Therefore, Plaintiff does not allege a justiciable controversy.

Plaintiff requests the Court "…require Defendants to prove that the transfer and endorsement of the notes were proper before allowing them to enforce rights as the new holder of the notes." That is a not a request to declare the legal rights and relationships of the parties; it is a request for this Court to require the parties to re-litigate the state court foreclosure. Because those issues have already been decided by the state court, Plaintiff's request for that declaration must be dismissed for failure to allege a justiciable controversy.

Finally, Plaintiff requests an unstated declaration so that he might ascertain his rights and duties and avoid any illegal collection activity which might occur. Again, that is a not a request to declare the legal rights and relationships of the parties. As worded, the declaration would have no practical effect and so must be dismissed. *E. Or. Mining Ass'n v. Dep't of Envtl. Quality*, 360 Or 10, 16 (2016) (explaining that claims under the Oregon Declaratory Judgment Act are "subject to dismissal if a judicial decision will not have a practical effect on the rights of the parties").

3. **Plaintiff's claim for Fair Debt Collection Practices Act violation against Rushmore fails to state a claim, fails as a matter of law.**

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) [Notice of Debt, contents] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 USCS § 1692g

Assuming, *arguendo*, as Plaintiff alleges in his Complaint:

- that Rushmore is a debt collector (as defined by 15 USCS § 1692a),
- that the alleged March 15, 2019 letter from Rushmore was a communication in connection with collection of a debt,

- that Plaintiff timely disputed the debt in writing as claimed (no copy of the alleged dispute letter was attached to the Complaint),

- and that Rushmore did not timely mail verification of the debt to Plaintiff (which Rushmore does not admit or concede),

Plaintiff's complaint nevertheless fails to allege any actions taken by Rushmore to collect the debt.  Plaintiff alleges Rushmore recorded a Notice of Default and Election to Sell – however, Plaintiff's Complaint is replete with cut-and-paste references to a nonjudicial foreclosure which is not, in fact, occurring.   Absent that demonstrably inaccurate assertion, Plaintiff's Complaint does not allege any actions by Rushmore whatsoever after the debt dispute.  To the extent that Plaintiff's Complaint can be understood to allege that Rushmore's action to collect the debt was merely to allow the state court judicial foreclosure to continue, as a matter of law foreclosing on a deed of trust is not "collecting a debt" within the FDCPA.  *Hulse v. Ocwen Fed. Bank,* 195 F Supp 2d 1188, 1204 (D Or 2002). Instead, Plaintiff's FDCPA claim consists of formulaic recitations of the elements of a cause of action and legal conclusions unsupported by supported by factual allegations.  Therefore it must be dismissed for failure to state a claim.

This motion is made in good faith and not for purposes of delay, and without waiver of any defense that may be raised in a responsive pleading or motion under Fed. R. Civ. P. 12.

DATED this 19th day of November 2019

**ALDRIDGE PITE LLP**

By  s/ Stanton Shelby
**STANTON SHELBY**, OSB #044151
sshelby@Aldridgepite.com
**ALDRIDGE PITE LLP**
121 SW Columbia Ave. Suite 950
Portland OR 97201
Telephone:  (503) 345-9513
Facsimile:  (503) 222-2260

## CERTIFICATE OF SERVICE

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 111 SW Columbia Street, Suite 950, Portland, OR 97201.

I hereby certify that on November 19, 2019, I electronically transmitted:

- **DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES and US BANK NA, TRUSTEE FOR RMAC TRUST SERIES 2016-CTT'S MOTION TO DISMISS; and**
- **CERTIFICATE OF SERVICE.**

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

I further certify that on November 19, 2019, I served the above-described documents by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

Dennis Raybould
P.O. Box 241
Florence, OR 97439
*Plaintiff Pro Se*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of November, 2019, at Boise, Idaho.

    /s/ Brett Weaver_____
Brett Weaver