FILED 22 JAN '20 11:35 USDC-ORE

# EXHIBIT   A

FILED 22 JAN '20 11:35 USDC-ORE



original

FILED

17 SEP 27 AM 10: 25

Verified Correct Copy of Original 9/28/2017

Dennis Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# IN AND FOR THE COUNTY OF LANE

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, its successors in interest and/or
assigns,

      Plaintiff,

    v.

DIANE RAYBOULD; DENNIS RAYBOULD;
RELIANT FINANCIAL, INC.; CITIBANK,
NATIONAL ASSOCIATION Successor by
Merger to Citibank (South Dakota), N.A.;
DISCOVER BANK; CAPITAL ONE BANK
(USA), NATIONAL ASSOCIATION; BANK
OF AMERICA, NATIONAL ASSOCIATION
Successor by Merger to FIA Card Services,
National Association; LVNV FUNDING, LLC;
AMERICAN EXPRESS BANK, FSB; and
OCCUPANTS OF THE PREMISES,

Defendants;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 15CV14566



15CV14566
MO
Motion
8037754

### VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM
### AND MOTION
### TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT

I Dennis Raybould, declare under penalty of perjury that the following is true and correct:

1. I am the Defendant in this matter. I have personal knowledge of and am competent to
   testify to the facts stated below:

                                 1

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

Verified Correct Copy of Original 9/28/2017.

2. This Request for Judicial Notice is submitted in the nature of a motion to alter or amend the Order for Summary Judgment signed by Judge Carlson on 5/8/2017.

3. I hereby certify that the attached Exhibit A is a true copy of the Proof of Claim submitted by U.S. Bank in Bankruptcy Case No. 17-61646-tmr13.

4. I respectfully request that the Court take judicial notice of the above-motioned Proof of Claim in connection with Plaintiff's Motion for Summary Judgment.

5. The above-motioned Proof of Claim document was filed into the public record on 9/6/2017 and was not available before that.

6. The above-motioned Proof of Claim document on page 3 is sworn under penalty of perjury by Josephine E. Salmon on 09/06/2017 ("I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct.").

7. The above-motioned Proof of Claim document on page 4 shows "the current creditor" as "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT."

8. The above-motioned Proof of Claim document on page 1 shows that "this claim" has been "acquired from someone else" namely "CHASE"

9. Therefore, since the creditor is U.S. Bank as trustee, and there can only be one creditor, it follows that the creditor is NOT the Plaintiff in the instant case.

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

2

Verified Correct Copy of Original 9/28/2017.

10. When a loan is securitized, the loan is typically sold into the securitization Loan Pool of the trust (such as the RMAC Trust, Series 2016-CTT) within three months of closing.

11. Therefore, contrary to its representations in this Court, the Plaintiff in the instant case has **not** been the owner of the loan since about the closing date of February 1, 2006.

12. It follows from the above that the **Summary Judgment was fraudulently obtained** by a party who did not own the loan.

13. It is not through any fault or neglect on the part of the undersigned Dennis Raybould (Defendant) that this information was not presented at Summary Judgment. Defendant Raybould asked for this information in discovery, and in response, Plaintiff JPMorgan Chase Bank, N.A. lied. Specifically, Plaintiff asked in the Amended First Request for Admissions (dated on or about 4/17/2017): "4. Admit that the Note has been securitized." (See Exhibit B.) Plaintiff's response, dated May 8, 2017, was: "DENY _X_." (See Exhibit C.)

14. Defendant asked in the Defendants' First Request for Production of Documents (dated February 2017):"1. Produce the original Note for inspection." (See Exhibit D.) Plaintiff's response in the Plaintiff's Responses to Defendants' First Request for Production of Documents (dated March 14, 217) was: "Plaintiff's counsel is in the process of obtaining the original Note from Plaintiff, and agrees to make it available for inspection between the parties at a mutually agreeable time and location." (See Exhibit E.)

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

3

Verified Correct Copy of Original 9/28/2017

15. That was the last Defendant heard about production of the Note. The parties never agreed

on a time and location. Defendant never had the opportunity to a forensic document

examiner or other expert witness to examine the purported original Note.

16. At trial, Plaintiff's attorney produced four unattached pages, with no witness swearing to

what they were. Defendant had no advance notice and thus had no reason to bring a

forensic document examiner or other expert witness.

EXHIBIT LIST

A... Proof of Claim submitted by U.S. Bank in Bankruptcy Case No. 17-61646-tmr13.

B... Plaintiff's Amended First Request for Admissions (dated on or about 4/17/2017)

C... PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR

ADMISSIONS TO PLAINTIFF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

ISAOA

D... DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

E... PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION

OF DOCUMENTS

I hereby declare that the above statement is true to the best of my knowledge and belief, and that
I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: September 26, 2017          /s/      Dennis Raybould
                                            Dennis Raybould

4

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

Verified Correct Copy of Original 9/28/2017

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date last written below, a true and correct copy of the foregoing was furnished via facsimile and/or U.S. mail and/or email to:

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
c/o Casey C. Pence
c/o Dannine Consoli
ALDRIDGE PITE, LLP
111 SW Columbia St. Suite 925
Portland, OR 97201
cpence@aldridgepite.com
dconsoli@aldridgepite.com

DATED: September 26, 2017          /s/      Danyelle Raybould
                                            Danyelle Raybould

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

5

_ Verified Correct Copy of Original 9/28/2017._

# EXHIBIT   A

| Fill in this information to identify the case: |
|---|

Debtor 1    __Dennis Raybould__

Debtor 2    _____
(Spouse, if filing)

United States Bankruptcy Court for the: _____ District of   __Oregon__
                                                              **(State)**

Case number    __17-61464-tmr13__

**Official Form 410**

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

    __U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT__
    Name of the current creditor (the person or entity to be paid for this claim)

    Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

    ☐ No
    ☒ Yes. From whom?    __CHASE__

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

    __Rushmore Loan Management Services__
    Name

    __P.O. Box 55004__
    Number     Street

    __Irvine__          __CA__         __92619-2708__
    City           State        Zip Code

    Contact phone   __888-504-6700__

    Contact email _____

Where should payment to the creditor be sent? (if different)

    __Rushmore Loan Management Services__
    Name

    __P.O. Box 52708__
    Number     Street

    __Irvine__          __CA__         __92619-2708__
    City           State        Zip Code

    Contact phone    __888-504-6700__

    Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

    ☒ No
    ☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

    ☒ No
    ☐ Yes. Who made the earlier filing? _____

*[vertical left margin text]* Verified Correct Copy of Original 9/26/17.

*[right margin]* 243

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor.      ******5251 |
| 7. How much is the claim? | $ 362,809.11      Does this amount include interest or other charges?<br>    ☐ No<br>    ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |
| 9. Is all or part of the claim secured? | ☐ No<br>☒ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☒ Real estate  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe    88915 Bay Berry Ln, Florence, OR  97439<br><br>Basis for perfection:    Mortgage/Deed of Trust<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for Example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:       $ _____<br>Amount of the claim that is secured  $   362,809.11<br>Amount of the claim that is unsecured:     $   0.00        (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:     $165,074.81<br><br>Annual Interest Rate (when case was filed)     6.999     %<br>☒ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☒ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.     $ _____ |
| 11. Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes. Identify the property _____ |

Verified Correct Copy of Original 9/28/2017

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | | |
|---|---|---|---|---|
| | | ☐ Yes. *Check all that apply:* | | |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | | | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

*(left margin, vertical text)* Verified Correct Copy of Original 9/28/2017

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorized courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    **09/06/2017**
                    MM / DD / YYYY

_Signature_

Print the name of the person who is completing and signing this claim:

| Name | Josephine E. Salmon | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Title | Agent for Creditor | | |
| Company | Aldridge Pite, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4375 Jutland Drive, Suite 200 P.O. Box 17933 | | |
| | Number     Street | | |
| | San Diego, CA 92177-0933 | | |
| | City | State | ZIP Code |
| Contact phone | (858) 750-7600 | Email | jsalmon@aldridgepite.com |

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number | 17-61464-tmr13 | Principal balance: | 221,875.98 | Principal & interest due: | 128,028.60 | Principal & Interest: | 1,580.60 |
| Debtor 1: | Dennis Raybould | Interest due: | 105,158.88 | Prepetition fees due: | 12,828.75 | Monthly escrow: | 254.39 |
| Debtor 2: | | Fees, costs due: | 12,828.75 | Escrow deficiency for funds advanced: | 22,945.00 | Private mortgage Insurance: | 0.00 |
| Last 4 digits to identify: | 3393 | Escrow deficiency for funds advanced: | 22,945.50 | Projected escrow shortage: | 1,271.96 | Total monthly payment: | 1,834.99 |
| Creditor: | U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT | Less total funds on hand:    -    0.00 | | Less funds on hand:    -    0.00 | | | |
| Servicer: | Rushmore Loan Management Services, LLC | Total debt: | 362,809.11 | Total prepetition arrearage: | 165,074.81 | | |
| Fixed accrual/daily simple interest/other | Fixed Accrual | | | | | | |

## Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principal | I. Amount to Interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | See attached | | | | | | | | | | | | | | | |

Case 17-61464-tmr13    Claim 2-1    Filed 09/06/17

_Verified Correct Copy of Original 9/28/2017._

EXHIBIT B

Verified Correct Copy of Original 9/28/2017.

Dennis Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# IN AND FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, | ) ) ) | No. 15CV14566 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD; RELIANT FINANCIAL, INC.; CITIBANK, NATIONAL ASSOCIATION Successor by Merger to Citibank (South Dakota), N.A.; DISCOVER BANK; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION Successor by Merger to FIA Card Services, National Association; LVNV FUNDING, LLC; AMERICAN EXPRESS BANK, FSB; and OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants; | ) ) | |

## NOTICE OF SERVING DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ISAOA [ Pursuant to ORCP 36, 45 ]

## INSTRUCTIONS FOR RESPONDING

All requests are directed to Plaintiff JPMORGAN CHASE BANK, NATIONAL

ASSOCIATION. These requests are continuing in character so as to require you to promptly

amend or supplement your response if you obtain further material information. Please follow all

1

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017.

instructions that are usual and customary in a Request for Admissions. All uses of present-tense verbs such as "is," "has," etc. refer to the signature date of this Request.

**FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.**

## AMENDED REQUEST FOR ADMISSIONS

1. Admit that JPMorgan Chase Bank, N.A. is merely the servicer of the loan.

    ADMIT _____                    DENY _____

2. Admit that JPMorgan Chase Bank, N.A. did not hold the Note as of the date of filing of the Complaint.

    ADMIT _____                    DENY _____

3. Admit that the Note had not been endorsed in blank as of the date of filing of the Complaint.

    ADMIT _____                    DENY _____

4. Admit that the Note has been securitized.

    ADMIT _____                    DENY _____

5. Admit that neither Layson C. Ungar nor RCO LEGAL, P.C. had any contract or other authority to sign or file the Complaint in this case

    ADMIT _____                    DENY _____

6. Admit that Plaintiff did not pay consideration for the Note.

    ADMIT _____                    DENY _____

7. Admit that Defendants did not make a forcible entry into the Property.

    ADMIT _____                    DENY _____

8. Admit that Defendants are not unlawfully holding the possession of the Property by force.

    ADMIT _____                    DENY _____

9. Admit that Plaintiff and Defendants do not have a landlord-tenant relationship.

    ADMIT _____                    DENY _____

10. Admit that shortly after February 1, 2006, the Note was sold to Fannie Mae.

2

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

ADMIT _____                          DENY _____

11. Admit that Defendants never gave their explicit agreement and authorization for their

    signature on any document to be transferred electronically.

    ADMIT _____                          DENY _____

12. Admit that the allonge is not permanently affixed to the Note.

    ADMIT _____                          DENY _____

13. Admit that no proof of agency is referenced or attached to the Note.

    ADMIT _____                          DENY _____

14. Admit that Plaintiff has a designated document custodian who holds the original notes for

    Plaintiff.

    ADMIT _____                          DENY _____

15. Admit that Plaintiff failed to comply with at least one of the conditions precedent set forth

    in paragraph 22 of the recorded Deed of Trust, Document # 2006-008568.

    ADMIT _____                          DENY _____

16. Admit that Chase has collected insurance related to the disputed matter.

    ADMIT _____                          DENY _____

17. Admit that Plaintiff, in the process of collecting its own debts, sometimes uses the simple

    name "CHASE."

    ADMIT _____                          DENY _____

18. Admit that the property was not advertised in the Register-Guard.

    ADMIT _____                          DENY _____

19. Admit that this lawsuit was not authorized by the relevant Board(s) of Directors.

    ADMIT _____                          DENY _____

20. Admit that Plaintiff did not lend or risk its money.

    ADMIT _____                          DENY _____

21. Admit that Plaintiff did not lend or risk its credit.

    ADMIT _____                          DENY _____

22. Admit that the beneficiary did not request a resolution conference.

    ADMIT _____                          DENY _____

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

3

Verified Correct Copy of Original 9/28/2017_

23. Admit that the Certificate of Compliance (Exhibit 1 attached to the Complaint) was not recorded.

  ADMIT _____        DENY _____

24. Admit that the Exhibit 2 attached to the Complaint is a true and correct and complete copy of the original Note as of the date of filing of the Complaint, including all riders, signatures, stamps, allonges and any other ancillary materials.

  ADMIT _____        DENY _____

25. Admit that Plaintiff is trying to collect on the Note (Complaint, ¶ 24) and also foreclose on the Property (Complaint, ¶¶ 26-28).

  ADMIT _____        DENY _____


Executed by: _____    DATED: April _____, 2017
     Dennis Raybould, Defendant
     P.O. Box 241
     Florence, OR 97439
     (541) 997-1311


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

U.S. mail and/or email to:

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
c/o Rochelle L. Stanford
ALDRIDGE PITE, LLP
111 SW Columbia St. Suite 925
Portland, OR 97201


Executed by: _____    DATED: April _____, 2017

4

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

_Verified Correct Copy of Original 9/28/2017._

# EXHIBIT C

Verified Correct Copy of Original 9/28/2017.

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON
## IN AND FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, | ) ) ) | No. 15CV14566 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD; RELIANT FINANCIAL, INC.; CITIBANK, NATIONAL ASSOCIATION Successor by Merger to Citibank (South Dakota), N.A.; DISCOVER BANK; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION Successor by Merger to FIA Card Services, National Association; LVNV FUNDING, LLC; AMERICAN EXPRESS BANK, FSB; and OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants; | ) ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ISAOA [ Pursuant to ORCP 36, 45 ]

Pursuant to ORCP 45 B, Plaintiff, JPMorgan Chase Bank, National Association, ("Plaintiff")

hereby responds to Defendants' Amended First Request for Admissions to Plaintiff as follows:

## AMENDED REQUEST FOR ADMISSIONS

I.    Admit that JPMorgan Chase Bank, N.A. is merely the servicer of the loan.

1

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS



ADMIT _____                         DENY __X___

2.     Admit that JPMorgan Chase Bank, N.A. did not hold the Note as of the date of filing
of the Complaint.

ADMIT _____                         DENY __X___

3.     Admit that the Note had not been endorsed in blank as of the date of filing of the
Complaint.

ADMIT _____                         DENY __X___

4.     Admit that the Note has been securitized.

ADMIT _____                         DENY __X___

5.     Admit that neither Layson C. Ungar nor RCO LEGAL, P.C. had any contract or other
authority to sign or file the Complaint in this case

ADMIT _____                         DENY __X__

Plaintiff objects to Defendant's Request for Admission #5 for the following reason: Layson C.
Ungar and RCO Legal, P.C. are no longer parties to the action.  Subject to and without waiving
said objections, Plaintiff denies #5.

6.     Admit that Plaintiff did not pay consideration for the Note.

ADMIT _____                         DENY __X___

7.     Admit that Defendants did not make a forcible entry into the Property.

Plaintiff objects to Defendant's Request for Admission #7 for the following reason: Plaintiff cannot
attest to or speak on behalf of Defendants or other parties to this action.  Plaintiff lacks knowledge
and information, therefore, Plaintiff cannot admit or deny #7.

2

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

8.     Admit that Defendants are not unlawfully holding the possession of the Property by force.

Plaintiff objects to Defendant's Request for Admission #8 for the following reason: Plaintiff cannot attest to or speak on behalf of Defendants or other parties to this action.   Plaintiff lacks knowledge and information, therefore, Plaintiff cannot admit or deny #8.

9.     Admit that Plaintiff and Defendants do not have a landlord-tenant relationship.
ADMIT _ X___                          DENY _____

10.    Admit that shortly after February 1, 2006, the Note was sold to Fannie Mae.
ADMIT _____                          DENY __X___

11.    Admit that Defendants never gave their explicit agreement and authorization for their signature on any document to be transferred electronically.
ADMIT _____                          DENY ___X__

Plaintiff objects to Defendant's Request for Admission #11 for the following reason: The purpose of the question is unclear.  Pursuant to paragraph 20 of the subject Deed of Trust, the Defendants did agree and authorize that the Note or a partial interest in the Note (together with the security instrument) may be sold one or more times without prior notice to the borrower.  Subject to said paragraph in the Deed of Trust, and without waiving its objections, Plaintiff denies Defendants' Request for Admission #11.

12.    Admit that the allonge is not permanently affixed to the Note.
ADMIT _____                          DENY ___X__

3

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

13. Admit that no proof of agency is referenced or attached to the Note.

ADMIT _____                        DENY __X___

14. Admit that Plaintiff has a designated document custodian who holds the original notes for Plaintiff.

ADMIT ___X__                       DENY _____

15. Admit that Plaintiff failed to comply with at least one of the conditions precedent set forth in paragraph 22 of the recorded Deed of Trust, Document # 2006-008568.

ADMIT _____                        DENY __X___

16. Admit that Chase has collected insurance related to the disputed matter.

ADMIT _____                        DENY __X___

17. Admit that Plaintiff, in the process of collecting its own debts, sometimes uses the simple name "CHASE."

ADMIT __X___                       DENY _____

18. Admit that the property was not advertised in the Register-Guard.

Plaintiff objects to Defendant's Request for Admission #18 for the following reason: (1) the purpose of the question is unclear and irrelevant to the subject foreclosure matter.

19. Admit that this lawsuit was not authorized by the relevant Board(s) of Directors.

ADMIT _____                        DENY ___X__

20. Admit that Plaintiff did not lend or risk its money.

4

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

ADMIT _____                           DENY __X__

21.   Admit that Plaintiff did not lend or risk its credit.

ADMIT _____                           DENY    X _

22.   Admit that the beneficiary did not request a resolution conference.

ADMIT _____                           DENY   X __

Plaintiff denies this request insofar as the Certificate of Compliance speaks for itself.

23.   Admit that the Certificate of Compliance (Exhibit 1 attached to the Complaint) was
      not recorded.

ADMIT __X__                            DENY _____

Plaintiff objects to Defendant's Request for Admission #23 for the following reason: (1) the
Certificate of Compliance is not required to be recorded in an Oregon State judicial foreclosure
action. Subject to and without waiving said objection, Plaintiff admits that the Certificate of
Compliance was not recorded.

24.   Admit that the Exhibit 2 attached to the Complaint is a true and correct and complete
      copy of the original Note as of the date of filing of the Complaint, including all riders,
      signatures, stamps, allonges and any other ancillary materials.

ADMIT __X__                            DENY _____

Plaintiff admits to Defendants' Request for Admission #24 noting the qualification that the

copy of the Note attached to Plaintiff's Complaint has one (1) swirl mark on it. However, the

original Note scanned in Plaintiff's system on or about March 10, 2015 shows there is a swirl

mark and a bullseye stamp on the front page. All other aspects of the original Note, including

5

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

all riders, signatures, stamps, allonges, ancillary materials, are the same as Exhibit 2 attached to the Complaint.

25.     Admit that Plaintiff is trying to collect on the Note (Complaint, ¶ 24) and also foreclose on the Property (Complaint, ¶¶ 26-28).

         ADMIT __ X __                          DENY __ __

**I HEREBY AFFIRM THAT THE ABOVE FACTUAL STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Date: May 8, 2017

                                        JPMorgan Chase Bank, National Association

                                        By: _____

                                        Alicia Hernandez

                                        Title: Authorized Signer

No. 15CV14566                                                                          6

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

Dennis Raybould
Diane Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## IN AND FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, | ) ) ) | No. 15CV14566 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD; RELIANT FINANCIAL, INC.; CITIBANK, NATIONAL ASSOCIATION Successor by Merger to Citibank (South Dakota), N.A.; DISCOVER BANK; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION Successor by Merger to FIA Card Services, National Association; LVNV FUNDING, LLC; AMERICAN EXPRESS BANK, FSB; and OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants; | ) | |
| ------------------------------------------------------- | ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD, | ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or Assigns, | ) ) ) ) | |
| Counter-Defendant, | ) | |
| ------------------------------------------------------- | ) | |

1

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

_Verified Correct Copy of Original 9/28/2017._

# EXHIBIT   E

Verified Correct Copy of Original 9/28/2017

for such refusal to produce, and identify the document in question with sufficient particularity that it may be the subject of a motion to compel.

8.      Unless words or terms have been given a specific definition herein (e.g., "relating to" or "document"), each word or term used herein shall be given its usual and customary dictionary definition except where such words have specific custom and usage, in which event they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. As used herein, "and" shall be construed to mean "or" and vice versa, and each singular shall be construed to include its plural, and vice versa, where the effect of such construction is to broaden the request.

9.      Each request seeks information available to Plaintiff, its attorneys or agents, and all persons acting on their behalf. Accordingly, as used herein, the terms "Plaintiff", "you" and "your" also include Plaintiff's attorneys and agents, and all persons acting on their behalf.

10.     All documents should be produced complete with all exhibits, allonges, addenda and attachments.

**REQUEST FOR PRODUCTION**

1.      Produce the original Note for inspection.

2.      A certified copy of the actual Note, notarized, showing the date the certified copy was made and the name of the person who was in possession when the notary certified the copy.

3.      All corporate resolutions and other documents showing whether Linda J. Jones was Vice President of Chase Bank USA, N.A. on September 27, 2011.

4.      All corporate resolutions, Power(s) of Attorney and other documents showing whether Linda J. Jones was authorized to sign the Corporate Assignment (Lane County Recording # 2012-007841).

5.      All documents identifying the "good and valuable consideration" referred to in the Corporate Assignment.

6.      All other documents relating to the Corporate Assignment.

7.      All "General Ledger" accounting entries related to the disputed transaction, showing changes to Assets, Liabilities and Owners' Equity.

4

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

_Verified Correct Copy of Original 9/28/2017_

# ALDRIDGE | PITE
### LLP

Alaska · Arizona · California · Florida · Georgia · Hawaii · Idaho · Nevada
New Mexico · New York · Oregon · Texas · Utah · Washington

March 14, 2017

Dennis Raybould
PO Box 241
Florence, OR 97439

**Re:**

> **Raybould, Diane & Dennis**
> **Case No.: 15CV14566**
> **Our File: 000365-083715.001**

Mr. Raybould:

Enclosed please find Plaintiff's Response to your first Request for Production, as well as
production documents Bates labelled RAYBOULD000001 – 170.

Very truly yours,

*/s/ Brett Weaver*

Brett A. Weaver
Paralegal
(503) 345-9855
bweaver@aldridgepite.com

Enclosures

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

Verified Correct Copy of Original 9/28/2017.

1
2
3
4
5
6
7

8              IN THE CIRCUIT COURT OF THE STATE OF OREGON

9                      FOR THE COUNTY OF LANE

10  JPMORGAN CHASE BANK, NATIONAL          Case No. 15CV14566
    ASSOCIATION, ITS SUCCESSORS IN
11  INTEREST AND/OR ASSIGNS,               **PLAINTIFF'S RESPONSES TO**
                                           **DEFENDANTS' FIRST REQUEST FOR**
12              Plaintiff,                 **PRODUCTION OF DOCUMENTS**

13          v.

14  DIANE RAYBOULD; DENNIS
    RAYBOULD; RELIANT FINANCIAL, INC.;
15  CITIBANK, NATIONAL ASSOCIATION
    SUCCESSOR BY MERGER TO CITIBANK
16  (SOUTH DAKOTA), N.A.; DISCOVER
    BANK; CAPITAL ONE BANK (USA),
17  NATIONAL ASSOCIATION; BANK OF
    AMERICA, NATIONAL ASSOCIATION
18  SUCCESSOR BY MERGER TO FIA CARD
    SERVICES, NATIONAL ASSOCIATION;
19  LVNV FUNDING, LLC; AMERICAN
    EXPRESS BANK, FSB; AND OCCUPANTS
20  OF THE PREMISES,

21              Defendants.

22  **PROPOUNDING PARTY:**   DEFENDANTS DIANE RAYBOULD AND DENNIS

23  RAYBOULD ("Defendants")

24  **RESPONDING PARTY:** JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ITS

25  SUCCESSORS IN INTEREST AND/OR ASSIGNS ("Plaintiff" or "Responding Party")

26

Page 1 –   PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Aldridge Pite, LLP
111 SW Columbia Street, Suite 950
Portland, OR 97201
(858) 750-7600

Verified Correct Copy of Original 9/28/2017.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce the original Note for inspection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff's counsel is in the process of obtaining the original Note from Plaintiff, and agrees to make it available for inspection between the parties at a mutually agreeable time and location.

**REQUEST FOR PRODUCTION NO. 2:** A certified copy of the actual Note, notarized, showing the date the certified copy was made and the name of the person who was in possession when the notary certified the copy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this request as unduly burdensome, and seeking documents that are irrelevant or that will not lead to the discovery of admissible evidence.  Subject to and without waiving these objections, Plaintiff produces a copy of the Note.

**REQUEST FOR PRODUCTION NO. 3:** All Corporate resolutions and other documents showing whether Linda J. Jones was Vice President of Chase Bank USA, N.A. on September 27, 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Plaintiff objects to this request as overly broad, unduly burdensome, vague, harassing, and seeking documents that are irrelevant or that will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4:** All corporate resolutions, Power(s) of Attorney and other documents showing whether Linda J. Jones was authorized to sign the Corporate Assignment (Lane County Recording #2012-007841).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this request as overly broad, unduly burdensome, vague, harassing, and seeking documents that are irrelevant or that will not lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:** All documents identifying the "good and valuable consideration" referred to in the Corporate Assignment.

Aldridge Pite, LLP
111 SW Columbia Street, Suite 950
Portland, OR 97201
(858) 750-7600

**Page 28 of 29 (incl. cert.)**

CERTIFIED TO BE A TRUE COPY OF THE
ORIGINAL DOCUMENT CONSISTING OF
_____ PAGES, WHICH IS FILED IN
THIS OFFICE AND OF WHICH I AM THE
LEGAL CUSTODIAN.
DATED_____ 2/2020
Circuit Court
Lane County, Oregon
By_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date last written below, a true and correct copy of this document was furnished via facsimile and/or U.S. mail and/or email to:

> JPMorgan Chase Bank, N.A.
> c/o KEVIN H. KONO, OSB #023528
> c/o ASHLEE AGUIAR, OSB #171940
> Davis Wright Tremaine LLP
> 1300 S.W. Fifth Avenue, Suite 2400
> Portland, Oregon 97201-5610

> JPMorgan Chase Bank, N.A.
> c/o FREDERICK B. BURNSIDE, OSB #096617
> 920 Fifth Avenue, Suite 3300
> Seattle, Washington 98104-1610

> Rushmore Loan Management Services, LLC.
> c/o STANTON SHELBY, OSB #044151
> ALDRIDGE PITE LLP
> 121 SW Columbia Ave. Suite 950
> Portland OR 97201

> US Bank N.A. Not in its Individual
> Capacity but Solely as Trustee for the
> RMAC Trust, Series 2016-CTT, whose
> address is 60 Livingston Avenue, St. Paul
> MN 55107-2292
> c/o STANTON SHELBY, OSB #044151
> ALDRIDGE PITE LLP
> 121 SW Columbia Ave. Suite 950
> Portland OR 97201

DATED: January 21, 2020       /s/ Dennis Raybould
                              Dennis Raybould

REQUEST FOR JUDICIAL NOTICE                                         3
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS






NEOPOST
01/21/2020
US POSTAGE $007.

ZIP 97
041L104.

**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE

**USPS TRACKING #**



9114 9023 0722 4696 1930 64

**FROM:**

**Dennis Raybould**
**P.O. Box 241**
**Florence, OR  97431**

SCREENED

**TO:**

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**Clerk**
**U.S.D.C.**
**405 E. 8ᵗʰ Ave.**
**Eugene, OR  97401**



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Oct 2018
OD: 12 1/2 x 9 1/2