FILED 24 JAN '20 13:07 USDC-ORE

Dennis Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# EUGENE DIVISION

Dennis Raybould,                          )
Diane Raybould,                           )   Case No. 6:19-cv-01364-AA
                                          )
            Plaintiffs,                   )
                                          )
    vs.                                   )
                                          )
RUSHMORE LOAN MANAGEMENT                  )
SERVICES, LLC, et al,                     )
                                          )
            Defendants.                   )
_____)

## VERIFIED REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF OPPOSITION TO [10] CHASE'S MOTION TO DISMISS AND [24]
## RUSHMORE'S AND U.S. BANK'S MOTION TO DISMISS

I, Dennis Raybould, request the Court to take judicial notice of the "VERIFIED REQUEST

FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION TO ALTER OR AMEND

THE ORDER FOR SUMMARY JUDGMENT" ("RJN/Motion") which was filed on September

27, 2017 in case No. 15CV14566 in the Circuit Court of the State of Oregon in and for the County

of Lane ("State Foreclosure Case"). A certified true copy is attached.

In addition, I request the Court to take judicial notice of the fact that the above-mentioned

"RJN/Motion" is pending.

REQUEST FOR JUDICIAL NOTICE                                                     1
IN SUPPORT OF OPPOSITION TO [10] CHASE'S MOTION TO DISMISS AND [24]
RUSHMORE'S AND U.S. BANK'S MOTION TO DISMISS

In addition, I request the Court to take judicial notice of the underlying Proof of Claim filed by Aldridge Pite for "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CIT" in Bankruptcy Case No. 17-64614-tmr13 (see attached Exhibit A), and of the fact that, contrary to its representations, JPMorgan Chase Bank NA did **not** own the Note at the time it filed the State Foreclosure Case No. 15CV14566.

Therefore, the State Court Foreclosure **judgment was fraudulently obtained**, and the principles of Res Judicata, collateral estoppel, claim preclusion, issue preclusion **do not apply**.

In addition, I request the Court to take judicial notice of the fact that the State Foreclosure Case is still open, the final judgment has not yet been entered (and certainly had not been entered as of the date the [10] Motion to Dismiss was filed by Chase, nor as of the date the [24] Motion to Dismiss was filed by Rushmore and U.S. Bank, nor as of the date the instant Federal case was filed), and therefore again the principles of Res Judicata, collateral estoppel, claim preclusion, issue preclusion **do not apply**.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. 1746.

Executed on: January 23, 2020

By: _____*Dennis Raybould*_____
    Dennis Raybould, Plaintiff


REQUEST FOR JUDICIAL NOTICE                                            2
IN SUPPORT OF OPPOSITION TO [10] CHASE'S MOTION TO DISMISS AND [24]
RUSHMORE'S AND U.S. BANK'S MOTION TO DISMISS

# EXHIBIT   A



*original*

*FILED*

*17 SEP 27 AM 10: 25*

Verified Correct Copy of Original 9/28/2017.

Dennis Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# IN AND FOR THE COUNTY OF LANE

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, its successors in interest and/or
assigns,

                Plaintiff,

        v.

DIANE RAYBOULD; DENNIS RAYBOULD;
RELIANT FINANCIAL, INC.; CITIBANK,
NATIONAL ASSOCIATION Successor by
Merger to Citibank (South Dakota), N.A.;
DISCOVER BANK; CAPITAL ONE BANK
(USA), NATIONAL ASSOCIATION; BANK
OF AMERICA, NATIONAL ASSOCIATION
Successor by Merger to FIA Card Services,
National Association; LVNV FUNDING, LLC;
AMERICAN EXPRESS BANK, FSB; and
OCCUPANTS OF THE PREMISES,

Defendants;

    No. 15CV14566



15CV14566
MO
Motion
8037754

## VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM
AND MOTION
## TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT

    I Dennis Raybould, declare under penalty of perjury that the following is true and correct:

1. I am the Defendant in this matter. I have personal knowledge of and am competent to

    testify to the facts stated below:

                                        1

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

Verified Correct Copy of Original 9/28/2017.

2. This Request for Judicial Notice is submitted in the nature of a motion to alter or amend the Order for Summary Judgment signed by Judge Carlson on 5/8/2017.

3. I hereby certify that the attached Exhibit A is a true copy of the Proof of Claim submitted by U.S. Bank in Bankruptcy Case No. 17-61646-tmr13.

4. I respectfully request that the Court take judicial notice of the above-motioned Proof of Claim in connection with Plaintiff's Motion for Summary Judgment.

5. The above-motioned Proof of Claim document was filed into the public record on 9/6/2017 and was not available before that.

6. The above-motioned Proof of Claim document on page 3 is sworn under penalty of perjury by Josephine E. Salmon on 09/06/2017 ("I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. I declare under penalty of perjury that the foregoing is true and correct.").

7. The above-motioned Proof of Claim document on page 4 shows "the current creditor" as "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT."

8. The above-motioned Proof of Claim document on page 1 shows that "this claim" has been "acquired from someone else" namely "CHASE"

9. Therefore, since the creditor is U.S. Bank as trustee, and there can only be one creditor, it follows that the creditor is NOT the Plaintiff in the instant case.

2

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

Verified Correct Copy of Original 9/28/2017

10. When a loan is securitized, the loan is typically sold into the securitization Loan Pool of the trust (such as the RMAC Trust, Series 2016-CTT) within three months of closing.

11. Therefore, contrary to its representations in this Court, the Plaintiff in the instant case has **not** been the owner of the loan since about the closing date of February 1, 2006.

12. It follows from the above that the **Summary Judgment was fraudulently obtained** by a party who did not own the loan.

13. It is not through any fault or neglect on the part of the undersigned Dennis Raybould (Defendant) that this information was not presented at Summary Judgment. Defendant Raybould asked for this information in discovery, and in response, Plaintiff JPMorgan Chase Bank, N.A. lied. Specifically, Plaintiff asked in the Amended First Request for Admissions (dated on or about 4/17/2017): "4. Admit that the Note has been securitized." (See Exhibit B.) Plaintiff's response, dated May 8, 2017, was: "DENY _X_ ." (See Exhibit C.)

14. Defendant asked in the Defendants' First Request for Production of Documents (dated February 2017):"1. Produce the original Note for inspection." (See Exhibit D.) Plaintiff's response in the Plaintiff's Responses to Defendants' First Request for Production of Documents (dated March 14, 217) was: "Plaintiff's counsel is in the process of obtaining the original Note from Plaintiff, and agrees to make it available for inspection between the parties at a mutually agreeable time and location." (See Exhibit E.)

3

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

Verified Correct Copy of Original 9/28/2017.

15. That was the last Defendant heard about production of the Note. The parties never agreed on a time and location. Defendant never had the opportunity to a forensic document examiner or other expert witness to examine the purported original Note.

16. At trial, Plaintiff's attorney produced four unattached pages, with no witness swearing to what they were. Defendant had no advance notice and thus had no reason to bring a forensic document examiner or other expert witness.

EXHIBIT LIST

A... Proof of Claim submitted by U.S. Bank in Bankruptcy Case No. 17-61646-tmr13.

B... Plaintiff's Amended First Request for Admissions (dated on or about 4/17/2017)

C... PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ISAOA

D... DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

E... PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS


I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: September 26, 2017          /s/   Dennis Raybould
                                           Dennis Raybould

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

4

Verified Correct Copy of Original 9/28/2017

)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date last written below, a true and correct copy of the foregoing was furnished via facsimile and/or U.S. mail and/or email to:

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
c/o Casey C. Pence
c/o Dannine Consoli
ALDRIDGE PITE, LLP
111 SW Columbia St. Suite 925
Portland, OR 97201
cpence@aldridgepite.com
dconsoli@aldridgepite.com

DATED: September 26, 2017        /s/    Danyelle Raybould
                                        Danyelle Raybould

5

**VERIFIED REQUEST FOR JUDICIAL NOTICE OF PROOF OF CLAIM AND MOTION
TO ALTER OR AMEND THE ORDER FOR SUMMARY JUDGMENT**

_Verified Correct Copy of Original 9/28/2017._

# EXHIBIT   A

Certified Correct Copy of Original 9/26/17.

**Fill in this information to identify the case:**

Debtor 1        Dennis Raybould

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: _____    District of    **Oregon**
                                                                            (State)
Case number    17-61464-tmr13

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

**Part 1:    Identify the Claim**

| | |
|---|---|
| 1. Who is the current creditor? | <u>U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT</u><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor_____ |
| 2. Has this claim been acquired from someone else? | ☐  No<br>☒  Yes. From whom?    CHASE |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>Rushmore Loan Management Services<br>Name<br><br>P.O. Box 55004<br>Number    Street<br><br>Irvine        CA        92619-2708<br>City        State        Zip Code<br><br>Contact phone  888-504-6700<br><br>Contact email _____ | Where should payment to the creditor be sent? (if different)<br><br>Rushmore Loan Management Services<br>Name<br><br>P.O. Box 52708<br>Number    Street<br><br>Irvine        CA        92619-2708<br>City        State        Zip Code<br><br>Contact phone  888-504-6700<br><br>Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>---------------------------------------------------------------- |
| 4. Does this claim amend one already filed? | ☒  No<br>☐  Yes.  Claim number on court claims registry (if known)_____    Filed on _____<br>                                                                                            MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒  No<br>☐  Yes.  Who made the earlier filing? _____ |

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor.          ******5251 |
|---|---|---|

| 7. | How much is the claim? | $ 362,809.11       Does this amount include interest or other charges?<br>☐ No<br>☒ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |
|---|---|---|

| 9. | Is all or part of the claim secured? | ☐ No<br>☒ Yes.  The claim is secured by a lien on property.<br><br>Nature of property:<br><br>☒ Real estate  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe    88915 Bay Berry Ln, Florence, OR  97439<br><br>Basis for perfection:   Mortgage/Deed of Trust<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for Example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:    $ _____<br>Amount of the claim that is secured  $  362,809.11<br>Amount of the claim that is unsecured:    $  0.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:    $165,074.81<br><br>Annual Interest Rate (when case was filed)    6.999    %<br>☒ Fixed<br>☐ Variable |
|---|---|---|

| 10. | Is this claim based on a lease? | ☒ No<br>☐ Yes.  Amount necessary to cure any default as of the date of the petition.    $ _____ |
|---|---|---|

| 11. | Is this claim subject to a right of setoff? | ☒ No<br>☐ Yes.  Identify the property _____ |
|---|---|---|

Official Form 410

Case 17-61464-tmr13   Proof of Claim   Claim 2-1   Filed 09/06/17

**Page 8 of 29 (incl. Cert.)**

Page 2 of 3

(left margin, rotated) Verified Correct Copy of Original 9/28/2017

12.  Is all or part of the claim
     entitled to priority under 11
     U.S.C. § 507(a)?

     A claim may be partly priority
     and partly nonpriority. For
     example, in some categories,
     the law limits the amount
     entitled to priority.

☒ No

☐ Yes. *Check all that apply:*

|  | | Amount entitled to priority |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ | Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ _____ |

\*  Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

*(left margin, rotated): Verified Correct Copy of Original 9/28/2017*

---

**Part 3:   Sign Below**

The person completing
this proof of claim must
sign and date it.
FRBP 9011(b).

If you file this claim
electronically, FRBP
5005(a)(2) authorized courts
to establish local rules
specifying what a signature
is.

A person who files a
fraudulent claim could be
fined up to $500,000,
imprisoned for up to 5
years, or both.
18 U.S.C. §§ 152, 157, and
3571.

Check the appropriate box:

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/06/2017
                  _____
                  MM / DD / YYYY

_Josephine E. Salmon_ (signature)

Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Josephine E. Salmon | | |
| | First Name | Middle Name | Last Name |
| Title | Agent for Creditor | | |
| Company | Aldridge Pite, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4375 Jutland Drive, Suite 200 | | |
| | P.O. Box 17933 | | |
| | Number    Street | | |
| | San Diego, CA 92177-0933 | | |
| | City | State | ZIP Code |
| Contact phone | (858) 750-7600 | Email | jsalmon@aldridgepite.com |

## Mortgage Proof of Claim Attachment

**(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number | 17-61464-tmr13 | Principal balance: | 221,875.98 | Principal & Interest due: | 128,028.60 | Principal & Interest: | 1,580.60 |
| Debtor 1: | Dennis Raybould | Interest due: | 105,158.88 | Prepetition fees due: | 12,828.75 | Monthly escrow: | 254.39 |
| Debtor 2: | | Fees, costs due: | 12,828.75 | Escrow deficiency for funds advanced: | 22,945.00 | Private mortgage insurance: | 0.00 |
| Last 4 digits to identify: | 3393 | Escrow deficiency for funds advanced: | 22,945.50 | Projected escrow shortage: | 1,271.96 | Total monthly payment: | 1,834.99 |
| Creditor: | U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT | Less total funds on hand: -  0.00 | | Less funds on hand: -  0.00 | | | |
| Servicer: | Rushmore Loan Management Services, LLC | Total debt: | 362,809.11 | Total prepetition arrearage: | 165,074.81 | | |
| Fixed accrual/daily simple interest/other | Fixed Accrual | | | | | | |

### Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual payment amount | C. Funds received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin, Int & esc past due balance | H. Amount to principa | I. Amoun to Interes | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| | See attached | | | | | | | | | | | | | | | |

Official Form 410

Mortgage Proof of Claim Attachment

**Page 10 of 29 (incl. cert.)**

244

Page 1 of 1

_Verified Correct Copy of Original 9/28/2017._

EXHIBIT B

Dennis Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

*Verified Correct Copy of Original 9/28/2017.*

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# IN AND FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, | ) ) ) | No. 15CV14566 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD; RELIANT FINANCIAL, INC.; CITIBANK, NATIONAL ASSOCIATION Successor by Merger to Citibank (South Dakota), N.A.; DISCOVER BANK; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION Successor by Merger to FIA Card Services, National Association; LVNV FUNDING, LLC; AMERICAN EXPRESS BANK, FSB; and OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants; | ) | |

## NOTICE OF SERVING DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ISAOA [ Pursuant to ORCP 36, 45 ]

### INSTRUCTIONS FOR RESPONDING

All requests are directed to Plaintiff JPMORGAN CHASE BANK, NATIONAL ASSOCIATION. These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information. Please follow all

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

1

**Page 12 of 29 (incl. cert.)**

instructions that are usual and customary in a Request for Admissions. All uses of present-tense verbs such as "is," "has," etc. refer to the signature date of this Request.

**FAILURE TO SERVE A WRITTEN ANSWER OR OBJECTION WITHIN THE TIME ALLOWED BY ORCP 45 B WILL RESULT IN ADMISSION OF THE FOLLOWING REQUESTS.**

## AMENDED REQUEST FOR ADMISSIONS

1. Admit that JPMorgan Chase Bank, N.A. is merely the servicer of the loan.
   ADMIT _____          DENY _____

2. Admit that JPMorgan Chase Bank, N.A. did not hold the Note as of the date of filing of the Complaint.
   ADMIT _____          DENY _____

3. Admit that the Note had not been endorsed in blank as of the date of filing of the Complaint.
   ADMIT _____          DENY _____

4. Admit that the Note has been securitized.
   ADMIT _____          DENY _____

5. Admit that neither Layson C. Ungar nor RCO LEGAL, P.C. had any contract or other authority to sign or file the Complaint in this case
   ADMIT _____          DENY _____

6. Admit that Plaintiff did not pay consideration for the Note.
   ADMIT _____          DENY _____

7. Admit that Defendants did not make a forcible entry into the Property.
   ADMIT _____          DENY _____

8. Admit that Defendants are not unlawfully holding the possession of the Property by force.
   ADMIT _____          DENY _____

9. Admit that Plaintiff and Defendants do not have a landlord-tenant relationship.
   ADMIT _____          DENY _____

10. Admit that shortly after February 1, 2006, the Note was sold to Fannie Mae.

2

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

**Page 13 of 29 (incl. cert.)**

Verified Correct Copy of Original 9/28/2017.

Verified Correct Copy of Original 9/28/2017_

ADMIT _____          DENY _____

11. Admit that Defendants never gave their explicit agreement and authorization for their signature on any document to be transferred electronically.

ADMIT _____          DENY _____

12. Admit that the allonge is not permanently affixed to the Note.

ADMIT _____          DENY _____

13. Admit that no proof of agency is referenced or attached to the Note.

ADMIT _____          DENY _____

14. Admit that Plaintiff has a designated document custodian who holds the original notes for Plaintiff.

ADMIT _____          DENY _____

15. Admit that Plaintiff failed to comply with at least one of the conditions precedent set forth in paragraph 22 of the recorded Deed of Trust, Document # 2006-008568.

ADMIT _____          DENY _____

16. Admit that Chase has collected insurance related to the disputed matter.

ADMIT _____          DENY _____

17. Admit that Plaintiff, in the process of collecting its own debts, sometimes uses the simple name "CHASE."

ADMIT _____          DENY _____

18. Admit that the property was not advertised in the Register-Guard.

ADMIT _____          DENY _____

19. Admit that this lawsuit was not authorized by the relevant Board(s) of Directors.

ADMIT _____          DENY _____

20. Admit that Plaintiff did not lend or risk its money.

ADMIT _____          DENY _____

21. Admit that Plaintiff did not lend or risk its credit.

ADMIT _____          DENY _____

22. Admit that the beneficiary did not request a resolution conference.

ADMIT _____          DENY _____

3

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

23. Admit that the Certificate of Compliance (Exhibit 1 attached to the Complaint) was not recorded.

     ADMIT _____                DENY _____

24. Admit that the Exhibit 2 attached to the Complaint is a true and correct and complete copy of the original Note as of the date of filing of the Complaint, including all riders, signatures, stamps, allonges and any other ancillary materials.

     ADMIT _____                DENY _____

25. Admit that Plaintiff is trying to collect on the Note (Complaint, ¶ 24) and also foreclose on the Property (Complaint, ¶¶ 26-28).

     ADMIT _____                DENY _____

Executed by: _____     DATED:  April _____, 2017
                Dennis Raybould, Defendant
                P.O. Box 241
                Florence, OR 97439
                (541) 997-1311

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

U.S. mail and/or email to:

     JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
     c/o Rochelle L. Stanford
     ALDRIDGE PITE, LLP
     111 SW Columbia St. Suite 925
     Portland, OR 97201

Executed by: _____     DATED:  April _____, 2017

DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

4

_Verified Correct Copy of Original 9/28/2017._

EXHIBIT

C

Verified Correct Copy of Original 9/28/2017

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON
# IN AND FOR THE COUNTY OF LANE

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, its successors in interest and/or
assigns,

               Plaintiff,

        v.

DIANE RAYBOULD; DENNIS RAYBOULD;
RELIANT FINANCIAL, INC.; CITIBANK,
NATIONAL ASSOCIATION Successor by
Merger to Citibank (South Dakota), N.A.;
DISCOVER BANK; CAPITAL ONE BANK
(USA), NATIONAL ASSOCIATION; BANK
OF AMERICA, NATIONAL ASSOCIATION
Successor by Merger to FIA Card Services,
National Association; LVNV FUNDING, LLC;
AMERICAN EXPRESS BANK, FSB; and
OCCUPANTS OF THE PREMISES,

Defendants;

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 15CV14566

## PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED
## FIRST REQUEST FOR
## ADMISSIONS TO PLAINTIFF JPMORGAN
## CHASE BANK, NATIONAL ASSOCIATION, ISAOA
## [ Pursuant to ORCP 36, 45 ]

Pursuant to ORCP 45 B, Plaintiff, JPMorgan Chase Bank, National Association, ("Plaintiff")

hereby responds to Defendants' Amended First Request for Admissions to Plaintiff as follows:

## AMENDED REQUEST FOR ADMISSIONS

    1.    Admit that JPMorgan Chase Bank, N.A. is merely the servicer of the loan.

1

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS



ADMIT _____                          DENY __X__

2.      Admit that JPMorgan Chase Bank, N.A. did not hold the Note as of the date of filing
        of the Complaint.

        ADMIT _____                 DENY __X___

3.      Admit that the Note had not been endorsed in blank as of the date of filing of the
        Complaint.

        ADMIT _____                 DENY __X___

4.      Admit that the Note has been securitized.

        ADMIT _____                 DENY __X___

5.      Admit that neither Layson C. Ungar nor RCO LEGAL, P.C. had any contract or other
        authority to sign or file the Complaint in this case

        ADMIT _____                 DENY ___X__

Plaintiff objects to Defendant's Request for Admission #5 for the following reason: Layson C.

Ungar and RCO Legal, P.C. are no longer parties to the action. Subject to and without waiving

said objections, Plaintiff denies #5.

6.      Admit that Plaintiff did not pay consideration for the Note.

        ADMIT _____                 DENY __X___

7.      Admit that Defendants did not make a forcible entry into the Property.

Plaintiff objects to Defendant's Request for Admission #7 for the following reason: Plaintiff cannot

attest to or speak on behalf of Defendants or other parties to this action. Plaintiff lacks knowledge

and information, therefore, Plaintiff cannot admit or deny #7.

2

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017

Verified Correct Copy of Original 9/28/2017

8.    Admit that Defendants are not unlawfully holding the possession of the Property by force.

Plaintiff objects to Defendant's Request for Admission #8 for the following reason: Plaintiff cannot attest to or speak on behalf of Defendants or other parties to this action.  Plaintiff lacks knowledge and information, therefore, Plaintiff cannot admit or deny #8.

9.    Admit that Plaintiff and Defendants do not have a landlord-tenant relationship.
      ADMIT __ X___                    DENY _____

10.   Admit that shortly after February 1, 2006, the Note was sold to Fannie Mae.
      ADMIT _____                     DENY __X___

11.   Admit that Defendants never gave their explicit agreement and authorization for their signature on any document to be transferred electronically.
      ADMIT _____                     DENY ___X__

Plaintiff objects to Defendant's Request for Admission #11 for the following reason: The purpose of the question is unclear.  Pursuant to paragraph 20 of the subject Deed of Trust, the Defendants did agree and authorize that the Note or a partial interest in the Note (together with the security instrument) may be sold one or more times without prior notice to the borrower.  Subject to said paragraph in the Deed of Trust, and without waiving its objections, Plaintiff denies Defendants' Request for Admission #11.

12.   Admit that the allonge is not permanently affixed to the Note.
      ADMIT _____                     DENY ___X__

3

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017_

13.   Admit that no proof of agency is referenced or attached to the Note.

   ADMIT _____                           DENY __X__

14.   Admit that Plaintiff has a designated document custodian who holds the original notes for Plaintiff.

   ADMIT ___X__                           DENY _____

15.   Admit that Plaintiff failed to comply with at least one of the conditions precedent set forth in paragraph 22 of the recorded Deed of Trust, Document # 2006-008568.

   ADMIT _____                           DENY __X__

16.   Admit that Chase has collected insurance related to the disputed matter.

   ADMIT _____                           DENY __X__

17.   Admit that Plaintiff, in the process of collecting its own debts, sometimes uses the simple name "CHASE."

   ADMIT __X__                            DENY _____

18.   Admit that the property was not advertised in the Register-Guard.

Plaintiff objects to Defendant's Request for Admission #18 for the following reason: (1) the purpose of the question is unclear and irrelevant to the subject foreclosure matter.

19.   Admit that this lawsuit was not authorized by the relevant Board(s) of Directors.

   ADMIT _____                           DENY ___X__

20.   Admit that Plaintiff did not lend or risk its money.

4

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

Verified Correct Copy of Original 9/28/2017.

ADMIT _____                           DENY __X__ .

21.    Admit that Plaintiff did not lend or risk its credit.
       ADMIT ____ .                   DENY    X _

22.    Admit that the beneficiary did not request a resolution conference.
       ADMIT _____                    DENY   X __
Plaintiff denies this request insofar as the Certificate of Compliance speaks for itself.

23.    Admit that the Certificate of Compliance (Exhibit 1 attached to the Complaint) was
       not recorded.
       ADMIT __X___                   DENY __ __

Plaintiff objects to Defendant's Request for Admission #23 for the following reason: (1) the
Certificate of Compliance is not required to be recorded in an Oregon State judicial foreclosure
action. Subject to and without waiving said objection, Plaintiff admits that the Certificate of
Compliance was not recorded.

24.    Admit that the Exhibit 2 attached to the Complaint is a true and correct and complete
       copy of the original Note as of the date of filing of the Complaint, including all riders,
       signatures, stamps, allonges and any other ancillary materials.
       ADMIT __X___                   DENY _____

Plaintiff admits to Defendants' Request for Admission #24 noting the qualification that the
copy of the Note attached to Plaintiff's Complaint has one (1) swirl mark on it. However, the
original Note scanned in Plaintiff's system on or about March 10, 2015 shows there is a swirl
mark and a bullseye stamp on the front page. All other aspects of the original Note, including

5

PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED FIRST REQUEST FOR ADMISSIONS

all riders, signatures, stamps, allonges, ancillary materials, are the same as Exhibit 2 attached to the Complaint.

25.     Admit that Plaintiff is trying to collect on the Note (Complaint, ¶ 24) and also foreclose on the Property (Complaint, ¶¶ 26-28).

      ADMIT __X.__                           DENY _____

**I HEREBY AFFIRM THAT THE ABOVE FACTUAL STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Date: May 8, 2017

                                        JPMorgan Chase Bank, National Association

                                        By: _____

                                        Alicia Hernandez

                                        Title: Authorized Signer

*(left margin, rotated)* Verified Correct Copy of Original 9/28/2017.

No. 15CV14566

6

Verified Correct Copy of Original 9/28/2017.

Dennis Raybould
Diane Raybould
P.O. Box 241
Florence, OR 97439
(541) 997-1311

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## IN AND FOR THE COUNTY OF LANE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or assigns, | ) ) ) | No. 15CV14566 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD; RELIANT FINANCIAL, INC.; CITIBANK, NATIONAL ASSOCIATION Successor by Merger to Citibank (South Dakota), N.A.; DISCOVER BANK; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION Successor by Merger to FIA Card Services, National Association; LVNV FUNDING, LLC; AMERICAN EXPRESS BANK, FSB; and OCCUPANTS OF THE PREMISES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants; | ) | |
| ----------------------------------------------- | ) | |
| DIANE RAYBOULD; DENNIS RAYBOULD, | ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its successors in interest and/or Assigns, | ) ) ) ) | |
| Counter-Defendant, | ) ) | |
| ----------------------------------------------- | ) | |

1

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

_ Verified Correct Copy of Original 9/28/2017._

# EXHIBIT   E

Verified Correct Copy of Original 9/28/2017

for such refusal to produce, and identify the document in question with sufficient particularity that it may be the subject of a motion to compel.

8.      Unless words or terms have been given a specific definition herein (e.g., "relating to" or "document"), each word or term used herein shall be given its usual and customary dictionary definition except where such words have specific custom and usage, in which event they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. As used herein, "and" shall be construed to mean "or" and vice versa, and each singular shall be construed to include its plural, and vice versa, where the effect of such construction is to broaden the request.

9.      Each request seeks information available to Plaintiff, its attorneys or agents, and all persons acting on their behalf. Accordingly, as used herein, the terms "Plaintiff", "you" and "your" also include Plaintiff's attorneys and agents, and all persons acting on their behalf.

10.     All documents should be produced complete with all exhibits, allonges, addenda and attachments.

## REQUEST FOR PRODUCTION

1.      Produce the original Note for inspection.

2.      A certified copy of the actual Note, notarized, showing the date the certified copy was made and the name of the person who was in possession when the notary certified the copy.

3.      All corporate resolutions and other documents showing whether Linda J. Jones was Vice President of Chase Bank USA, N.A. on September 27, 2011.

4.      All corporate resolutions, Power(s) of Attorney and other documents showing whether Linda J. Jones was authorized to sign the Corporate Assignment (Lane County Recording # 2012-007841).

5.      All documents identifying the "good and valuable consideration" referred to in the Corporate Assignment.

6.      All other documents relating to the Corporate Assignment.

7.      All "General Ledger" accounting entries related to the disputed transaction, showing changes to Assets, Liabilities and Owners' Equity.

4

DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Verified Correct Copy of Original 9/28/2017

# ALDRIDGE | PITE
### LLP

Alaska · Arizona · California · Florida · Georgia · Hawaii · Idaho · Nevada
New Mexico · New York · Oregon · Texas · Utah · Washington

March 14, 2017

Dennis Raybould
PO Box 241
Florence, OR 97439

Re:

**Raybould, Diane & Dennis**
**Case No.: 15CV14566**
**Our File: 000365-083715.001**

Mr. Raybould:

Enclosed please find Plaintiff's Response to your first Request for Production, as well as production documents Bates labelled RAYBOULD000001 – 170.

Very truly yours,

*/s/ Brett Weaver*

Brett A. Weaver
Paralegal
(503) 345-9855
bweaver@aldridgepite.com

Enclosures

4375 Jutland Drive
P.O. Box 17933
San Diego, CA 92177-0933
(858) 750-7600
www.aldridgepite.com

**Page 26 of 29 (incl. cert.)**

Verified Correct Copy of Original 9/28/2017.

1

2

3

4

5

6

7

8              IN THE CIRCUIT COURT OF THE STATE OF OREGON

9                       FOR THE COUNTY OF LANE

10   JPMORGAN CHASE BANK, NATIONAL          Case No. 15CV14566
     ASSOCIATION, ITS SUCCESSORS IN
11   INTEREST AND/OR ASSIGNS,               **PLAINTIFF'S RESPONSES TO
                                            DEFENDANTS' FIRST REQUEST FOR
12              Plaintiff,                   PRODUCTION OF DOCUMENTS**

13        v.

14   DIANE RAYBOULD; DENNIS
     RAYBOULD; RELIANT FINANCIAL, INC.;
15   CITIBANK, NATIONAL ASSOCIATION
     SUCCESSOR BY MERGER TO CITIBANK
16   (SOUTH DAKOTA), N.A.; DISCOVER
     BANK; CAPITAL ONE BANK (USA),
17   NATIONAL ASSOCIATION; BANK OF
     AMERICA, NATIONAL ASSOCIATION
18   SUCCESSOR BY MERGER TO FIA CARD
     SERVICES, NATIONAL ASSOCIATION;
19   LVNV FUNDING, LLC; AMERICAN
     EXPRESS BANK, FSB; AND OCCUPANTS
20   OF THE PREMISES,

21              Defendants.

22   **PROPOUNDING   PARTY:**   DEFENDANTS   DIANE   RAYBOULD   AND   DENNIS

23   RAYBOULD ("Defendants")

24   **RESPONDING PARTY:** JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ITS

25   SUCCESSORS IN INTEREST AND/OR ASSIGNS ("Plaintiff" or "Responding Party")

26

     Page 1 –  PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

                              Aldridge Pite, LLP
                      111 SW Columbia Street, Suite 950
                            Portland, OR 97201
                              (858) 750-7600

Verified Correct Copy of Original 9/28/2017

1    **RESPONSES TO REQUEST FOR PRODUCTION**

2    **REQUEST FOR PRODUCTION NO. 1:**  Produce the original Note for inspection.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Plaintiff's counsel is in the process
4    of obtaining the original Note from Plaintiff, and agrees to make it available for inspection
5    between the parties at a mutually agreeable time and location.

6    **REQUEST FOR PRODUCTION NO. 2:**  A certified copy of the actual Note, notarized,
7    showing the date the certified copy was made and the name of the person who was in possession
8    when the notary certified the copy.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Plaintiff objects to this request as
10    unduly burdensome, and seeking documents that are irrelevant or that will not lead to the
11    discovery of admissible evidence.  Subject to and without waiving these objections, Plaintiff
12    produces a copy of the Note.

13    **REQUEST FOR PRODUCTION NO. 3:** All Corporate resolutions and other documents
14    showing whether Linda J. Jones was Vice President of Chase Bank USA, N.A. on September 27,
15    2011.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Plaintiff objects to this request as
17    overly broad, unduly burdensome, vague, harassing, and seeking documents that are irrelevant or
18    that will not lead to the discovery of admissible evidence.

19    **REQUEST FOR PRODUCTION NO. 4:**  All corporate resolutions, Power(s) of Attorney and
20    other documents showing whether Linda J. Jones was authorized to sign the Corporate
21    Assignment (Lane County Recording #2012-007841).

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to this request as
23    overly broad, unduly burdensome, vague, harassing, and seeking documents that are irrelevant or
24    that will not lead to the discovery of admissible evidence.

25    **REQUEST FOR PRODUCTION NO. 5:** All documents identifying the "good and valuable
26    consideration" referred to in the Corporate Assignment.

Page 4 —  PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Aldridge Pite, LLP
111 SW Columbia Street, Suite 950
Portland, OR 97201
(858) 750-7600

CERTIFIED TO BE A TRUE COPY OF THE
ORIGINAL DOCUMENT CONSISTING OF
____ PAGES, WHICH IS FILED IN
THIS OFFICE AND OF WHICH I AM THE
LEGAL CUSTODIAN.
DATED ____ 1 / 2 / 2020
Circuit Court
Lane County, Oregon
By ____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date last written below, a true and correct copy of this document was furnished via facsimile and/or U.S. mail and/or email to:

    JPMorgan Chase Bank, N.A.
    c/o KEVIN H. KONO, OSB #023528
    c/o ASHLEE AGUIAR, OSB #171940
    Davis Wright Tremaine LLP
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, Oregon 97201-5610

    JPMorgan Chase Bank, N.A.
    c/o FREDERICK B. BURNSIDE, OSB #096617
    920 Fifth Avenue, Suite 3300
    Seattle, Washington 98104-1610

    Rushmore Loan Management Services, LLC.
    c/o STANTON SHELBY, OSB #044151
    ALDRIDGE PITE LLP
    121 SW Columbia Ave. Suite 950
    Portland OR 97201

    US Bank N.A. Not in its Individual
    Capacity but Solely as Trustee for the
    RMAC Trust, Series 2016-CTT, whose
    address is 60 Livingston Avenue, St. Paul
    MN 55107-2292
    c/o STANTON SHELBY, OSB #044151
    ALDRIDGE PITE LLP
    121 SW Columbia Ave. Suite 950
    Portland OR 97201

DATED: January 23, 2020    /s/  _Dennis Raybould_
                             Dennis Raybould

REQUEST FOR JUDICIAL NOTICE        3
IN SUPPORT OF OPPOSITION TO [10] CHASE'S MOTION TO DISMISS AND [24]
RUSHMORE'S AND U.S. BANK'S MOTION TO DISMISS

UNITED STATES
POSTAL SERVICE.

PRESS

**P**

US POSTAGE PA...

**$7.35**

Origin: 97024
01/23/20
4028640194-03

PRIORITY MAIL 2-DAY ®

0 Lb 7.70 Oz

**1006**

EXPECTED DELIVERY DAY: 01/25/20

C027

SHIP
TO:
405 E 8TH AVE
EUGENE OR 97401-2706

**USPS TRACKING®NUMBER**



9505 5130 0867 0023 4605 58

PI

- Date
- USP...
  inter...
- Limit
- Pick up available.
- Order supplies online.*
- When used internationally, a customs
  declaration label may be required.

\* Domestic only



P S00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**FROM:**

Dennis Raybould
P.O. Box 241
Florence, OR  97431

**TO:**

Clerk
U.S.D.C.
405 E. 8th Ave.
Eugene, OR  97401