**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**ASHLEE AGUIAR**, OSB #171940
ashleeaguiar@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**FREDERICK B. BURNSIDE,** OSB #096617
fredburnside@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 757-8016
Facsimile:  (206) 757-7016

       Attorneys for Defendant JPMorgan Chase Bank, N.A.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| Dennis Raybould,<br><br>              Plaintiff,<br><br>    v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC;<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203, (ASSIGNOR),<br><br>RMAC TRUST, SERIES 2016-CTT,<br><br>U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTTT, whose address is 60 LIVINGSTON AVENUE, ST. PAUL, MN 55107-2292, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)<br><br>              Defendants. | Case No. 6:19-cv-1364-AA<br><br>**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S RESPONSE TO PLAINTIFF'S VERIFIED REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS** |

Page 1 - CHASE'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should reject plaintiff's "Verified Request for Judicial Notice in Support of Opposition to [10] Chase's Motion to Dismiss and [24] Rushmore's and U.S. Bank's Motion to Dismiss" ("Plaintiff's RJN") (Dkt. No. 30) insofar as it is directed at JPMorgan Chase Bank, NA's ("Chase") motion to dismiss (Dkt. No. 10) and purports to be an opposition to that motion.[1]  The Court should reject Plaintiff's RJN as untimely because plaintiff filed Plaintiff's RJN *nearly four months* after the deadline to respond to Chase's Motion to Dismiss.  Even if the Court considers the untimely filing, the Court should disregard Plaintiff's RJN because it is irrelevant to Chase's motion.  Nothing in Plaintiff's RJN contradicts that issue and claim preclusion bar plaintiff's claims against Chase.  And, even if the preclusion doctrines did not bar the claims, Plaintiff's RJN does not address plaintiff's failure to state any claim against Chase.  The Court should reject Plaintiff's RJN and grant Chase's motion to dismiss.

## II.   PLAINTIFF'S "VERIFIED SUGGESTION OF BANKRUPTCY"

On January 31, 2020, plaintiff filed a "Verified Suggestion of Bankruptcy" stating that he filed a voluntary bankruptcy petition on January 28, 2020.  Dkt. No. 31.  Specifically, plaintiff filed a Chapter 13 bankruptcy petition as United States Bankruptcy Court for the District of Oregon Case Number 20-60205-tmr13.  It is unclear whether plaintiff asserts that his bankruptcy filing imposes the automatic bankruptcy stay under 11 U.S.C. § 362 in this proceeding *which plaintiff brought*, but the automatic stay does not apply.  Despite plaintiff's bankruptcy filing, Chase may file the present response, and the Court may rule on Chase's motion to dismiss, because the automatic stay is "inapplicable to lawsuits initiated by the debtor." *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009), aff'd, 654 F.3d 868 (9th Cir. 2011).

---

[1] To the extent plaintiff's earlier-filed "Verified Request for Judicial Notice in Support of Opposition to Motion to Dismiss," Dkt. No. 29, was directed at Chase, this response applies equally to that filing.

Page 2 - CHASE'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Instead, "a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the automatic stay." *Id.* However, if the Court disagrees and believes that the automatic stay applies to this action, then Chase asks that the Court hold consideration of this filing in abeyance.

## III.    ARGUMENT

### A.    Procedural history.

Chase moved to dismiss plaintiff's Complaint on September 13, 2019. Dkt. No. 10 ("Chase's Motion"). Plaintiff did not file a response. Instead, on October 2, 2019, plaintiff filed a Notice of Appeal, purporting to appeal from this Court's case management order, discovery order, and orders granting extensions of time. Dkt. No. 13. On October 14, 2019, Chase filed its Reply, noting plaintiff's non-opposition. Dkt. No. 14. The Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction on October 28, 2019. Dkt. No. 15. On January 24, 2020, nearly four months after his opposition was due, plaintiff filed Plaintiff's RJN.[2]

### B.    The Court should disregard Plaintiff's RJN because it is untimely and unauthorized.

The Court should disregard Plaintiff's RJN because it is untimely as an opposition to Chase's Motion to Dismiss. Plaintiff's opposition was due by September 30, 2019. Plaintiff did not seek an extension of the time to respond and filed nothing until this four-months-late "Request for Judicial Notice." Plaintiff failed to respond even after Chase filed a reply on October 14, 2019 noting the non-opposition. Dkt. No. 14. Under Fed. R. Civ. P. 6(b)(1)(B), plaintiff must move for leave to extend an expired deadline and show that he failed to act timely because of excusable neglect. Plaintiff has not done so and cannot do so; rather than respond to Chase's motion, plaintiff filed his frivolous appeal of this Court's case management order,

---

[2] Plaintiff did not confer before filing Plaintiff's RJN, and Plaintiff's RJN does not contain the required certification. *See* LR 7-1(a)(1). The Court should deny Plaintiff's RJN for failure to confer. LR 7-1(a)(3).

Page 3 - CHASE'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

discovery order, and orders granting extensions of time. Dkt. No. 13. Plaintiff's belated RJN is just plaintiff's latest effort to delay, and the Court should reject it.

      **C.    The Court should disregard Plaintiff's RJN because it is irrelevant.**

Even if the Court considered Plaintiff's RJN despite its untimeliness, Plaintiff's RJN is irrelevant to Chase's motion to dismiss.[3] First, Plaintiff's RJN notes that no judgment has been entered in the state court foreclosure action. Plaintiff's RJN, p. 2. But Chase pointed out in its motion to dismiss that there was no formal judgment in the state court action and explained why claim and issue preclusion apply regardless. Chase's Motion, pp. 8-12, 14-15. Plaintiff's RJN addresses none of that authority or argument. Claim and issue preclusion bar plaintiff's claims under these circumstances, where a state court has dismissed plaintiff's claims (brought as counterclaims in the state court action) on the merits.

Second, the assertion in Plaintiff's RJN that Chase did not own the Note when it filed the state court foreclosure action is irrelevant because that argument pertains to Chase's claim as foreclosure plaintiff, not plaintiff's state court counterclaims. The state court's disposition of plaintiff's *counterclaims* against Chase in the state court action bars the present claims. As Chase's Motion explains, plaintiff asserted as counterclaims in the state court action the same claims he seeks to relitigate here. Chase's status or standing as foreclosure plaintiff is irrelevant to the disposition of plaintiff's state court counterclaims, as to which Chase was a defendant.[4]

Third, even if claim and issue preclusion do not bar plaintiff's claims, all of plaintiff's claims are legally and factually deficient and fail to state any claim, as described in Chase's

---

[3] The Court also should take judicial notice only of the fact of filing in state court of the request for judicial notice attached to Plaintiff's RJN. Plaintiff offers no authority supporting judicial notice of documents attached to a request for judicial notice filed in another court. Further, the state court request for judicial notice attaches documents not in the public record and as to which judicial notice is not proper. *See, e.g.*, Plaintiff's RJN, pp. 25-29 (discovery documents).

[4] Moreover, U.S. Bank's *later* interest does not contradict Chase's right to enforce the Note and Deed of Trust at the time it filed the state court foreclosure action.

Page 4 - CHASE'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Motion. Chase's Motion, pp. 16-20. Plaintiff's RJN does not address plaintiff's pleading failure.

## IV. CONCLUSION

The Court should disregard Plaintiff's RJN and grant Chase's Motion to Dismiss.

DATED this 4th day of February, 2020.

**DAVIS WRIGHT TREMAINE LLP**

By  s/ Kevin H. Kono
**KEVIN H. KONO**, OSB #023528
kevinkono@dwt.com
**ASHLEE AGUIAR**, OSB #171940
ashleeaguiar@dwt.com
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300

**FREDERICK B. BURNSIDE**, OSB #096617
fredburnside@dwt.com
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone:  (206) 757-8016

Attorneys for Defendant JPMorgan Chase Bank, N.A.

Page 5 - CHASE'S RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S RESPONSE TO PLAINTIFF'S VERIFIED REQUEST FOR JUDICIAL NOTICE ISO OPPOSITION TO MOTION TO DISMISS on:

>Dennis Raybould
>P.O. Box 241
>Florence, OR 97439
>(541) 901-9522
>   Plaintiff Pro Se

☒   by causing to be mailed a copy thereof in a sealed, first-class postage prepaid envelope, addressed to said party's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

☐   by causing a copy thereof to be hand-delivered to said party's address as shown above on the date set forth below;

☐   by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to said party's last-known address on the date set forth below;

☐   by faxing a copy thereof to said party at his/her last-known facsimile number on the date set forth below; or

☐   by emailing a copy thereof to said party at his/her last-known email address as set forth above.

Dated this 4th day of February, 2020.

DAVIS WRIGHT TREMAINE LLP

By: s/ Kevin H. Kono
   Kevin H. Kono, OSB #023528
   Ashlee Aguiar, OSB #171940
   Of Attorneys for Defendant JPMorgan Chase Bank, N.A.

Page 1 - CERTIFICATE OF SERVICE

4834-4682-1811v.1 0036234-000846

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax