IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DENNIS RAYBOULD,

          Plaintiff,

   v.

RUSHMORE LOAN MANAGEMENT SERVICES, LLC; JPMORGAN CHASE BANKNATIONAL ASSOCIATION (ASSIGNOR); RMAC TRUST, SERIES 2016-CTT; U.S. BANK, TRUSTEE FOR RMAC TRUST, SERIES 2016-CTT (ASSIGNEE)

          Defendants.

Case No. 6:19-cv-01364-AA
**OPINION AND ORDER**

AIKEN, District Judge:

      This matter comes before the Court on motions to dismiss filed by defendants JPMorgan Chase Bank, N.A. ("Chase") (doc. 10), Rushmore Loan Management Services ("Rushmore"), and U.S. Bank, N.A., Trustee for RMAC Trust Series 2016-CTT ("US Bank") (doc. 24). Defendants requests dismissal of this case with prejudice on grounds of claim and issue preclusion, and alternatively, for failure to state a claim

Page 1 – OPINION AND ORDER

under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motions are GRANTED.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief[.]" When evaluating a complaint, the Court asks whether "the pleading gives the defendant fair notice of the claim and includes sufficient factual matter to state a plausible ground for relief." *Kirkpatrick v. County of Washoe*, 792 F.3d 1184, 1191 (9th Cir. 2015) (internal quotation marks omitted).

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court views well pleaded factual allegations as true, but also requires the complaint to contain sufficient facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not survive a motion to dismiss. *Id.* at 678-79.

/ / /

/ / /

---

[1] Chase's request for Judicial Notice (doc. 11) is GRANTED. The Court construes plaintiff's "Verified Request[s] for Judicial Notice" (docs. 29 and 30) as responses in opposition to the motions to dismiss. While those filings were untimely, the Court considers them in addressing these motions in the interests of finality and fairness.

Page 2 – OPINION AND ORDER

## BACKGROUND

The parties have engaged in extensive litigation arising from an underlying foreclosure dispute. In 2006, Plaintiff Dennis Raybould[2] borrowed $237,600 from Chase, secured by a Deed of Trust recorded in Lane County. Plaintiff failed to make the payment due September 1, 2010 and all subsequent payments, thereby defaulting on the Note.[3] *In re Raybould*, 2019 WL 1448015, *1 (B.A.P. 9th Cir. Mar. 26, 2019). A foreclosure sale was set for June 22, 2012. On June 20, 2012, plaintiff filed a lawsuit in the Circuit Court of Lane County against Chase, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Racketeer Influenced and Corrupt Organizations Act ("RICO") and requesting declaratory judgment and injunctive relief. Defendants removed the case to federal district court, where it was dismissed as moot because defendants cancelled the sale and the Notice of Default expired. *See Raybould v. JP Morgan Chase Bank, N.A.*, 2013 WL 4786492, *2 (D. Or. Sept. 6, 2013) ("Federal courts in Oregon have held that the cancellation of a planned foreclosure sale moots claims related to that sale") (citations omitted).

On October 8, 2013, plaintiff yet again filed a lawsuit in the Lane County Circuit Court. Defendant Chase removed the case to this Court and moved to dismiss for failure to state a claim. *Raybould v. JPMorgan Chase Bank, N.A.*, 2014 WL

---

[2] Plaintiff's late wife, Diane Raybould, also executed the Note and Deed of Trust securing the loan. *Raybould v. JP Morgan Chase Bank, N.A.*, 2013 WL 4786492, * (D. Or. Sept. 6, 2013).

[3] Plaintiff alleges in his complaint that "[t]here has been no deficiency in performance or payment." Compl. Ex. 2 at 11. He does not now, nor has he ever, provided any proof of this assertion, and the litigation surrounding the default has proceeded accordingly.

Page 3 – OPINION AND ORDER

1350375 (D. Or. April 3, 2014). This Court adopted the Findings and Recommendations ("F&R") of Magistrate Judge Thomas Coffin, dismissing with prejudice plaintiffs' claim for violations of the FDCPA because "the activity of foreclosing on property pursuant to a deed is trust is not the collection of a debt within the meaning of the FDCPA." *Id.* at *2 (citation omitted).

On December 11, 2014, this Court adopted Magistrate Judge Coffin's second F&R, denying plaintiff's motion for leave to amend and granting defendant's motion to dismiss for mootness. *Raybould v. JPMorgan Chase Bank, N.A.*, 2014 WL 7146962 (D. Or. Dec. 11, 2014).[4]

On June 8, 2015, Chase sought judicial foreclosure of plaintiff's Deed of Trust in Lane County Circuit Court. In the complaint, Chase alleged that it is the holder of the Note. Plaintiff admitted that Chase had servicing rights to the loan but denied that Chase was the holder of the Note. On May 25, 2016, plaintiff asserted dozens of counterclaims including quiet title; unlawful debt collection; violations of the Truth-In-Lending Act and RICO; and defamation. Chase moved to dismiss plaintiff's counterclaims which the state court granted without leave to amend.

On May 8, 2017, Lane County Circuit Court granted Chase's motion for summary judgment against plaintiff. That same day, plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Oregon,

---

[4] The Court noted that even if plaintiff's claims were not moot, "defendant JPMorgan has demonstrated several reasons why plaintiffs' claims are not viable as there is a lack of standing and lack of legal support for the claims." *Raybould v. JPMorgan Chase Bank, N.A.*, 2014 WL 7146962, *3 (D. Or. Dec. 11, 2014).

Page 4 – OPINION AND ORDER

Eugene Division ("Bankruptcy Court"). Plaintiff then filed a notice of bankruptcy in the Lane County Circuit Court which stayed that action and prevented entry of the general judgment. In July 2017, plaintiff filed adversary proceedings in Bankruptcy Court against Chase, most of which mirrored plaintiff's previously unsuccessful state court counterclaims. *In re Raybould*, 2019 WL 1448015, *2. On September 6, 2017, Chase assigned the Deed of Trust to US Bank.[5]

In March 2019, the Bankruptcy Court dismissed plaintiff's bankruptcy petition because plaintiff failed to complete many of the actions required by the court. *Id.* at *5-6. The Bankruptcy Judge also dismissed plaintiff's adversary proceedings because plaintiff's claims were unrelated to the bankruptcy and declined to retain jurisdiction. *Id.* at *6-7.[6]

On March 15, 2019, plaintiff received a notice that identified Rushmore as a debt collector, notifying plaintiff of the total amount due. Plaintiff alleges that as soon as he received the notice, he disputed it in writing. In the letter, plaintiff requested the full name and address of the original creditor and the present owner of the claimed debt obligation, as well as a current certified copy of the Note. Plaintiff alleges that he never received the verification he requested.

On July 12, 2019—the same day that the bankruptcy proceedings were dismissed—plaintiff filed this action in state court, and Chase, again, removed it t

---

[5] Plaintiff disputes the validity of the corporate assignment, arguing that it was in fact "a late record of a previously-made transaction." Compl., Ex. 2 at 12. Plaintiff further argues that RMAC Trust, Series 2016-CTT does not exist. *Id.*

[6] Plaintiff appealed to the Ninth Circuit Bankruptcy Appellate Panel, which affirmed the decision of the Bankruptcy Judge. *Id.* at *8.

Page 5 – OPINION AND ORDER

this Court. Plaintiff now brings two claims against Chase: first, he challenges Chase's legal status as holder entitled to enforce the Note; and second, he asserts a claim for fraudulent misrepresentation. Plaintiff also brings the same declaratory judgment claims against Rushmore and US Bank that he asserted in his prior actions against Chase. Plaintiff also alleges that Rushmore violated the FDCPA. Finally, Plaintiff asserts a claim for quiet title against US Bank, a claim he unsuccessfully counterclaimed against Chase in the state court judicial foreclosure.

## DISCUSSION

Initially, the Court notes that on March 19, 2020, while this case was pending, plaintiff's second bankruptcy petition and the related proceedings were dismissed, and his case was administratively closed. (doc. 33) The bankruptcy proceedings did not stay the case in this Court because the bankruptcy petition was voluntarily filed by plaintiff. *See In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011) ("the automatic stay has been found inapplicable to lawsuits initiated by the debtor."). Although plaintiff has filed an appeal to the Ninth Circuit Bankruptcy Appellate Panel (doc. 34), that appeal—like the bankruptcy petition—will not stay the instant case. "One of the purposes of the automatic stay is to protect the bankruptcy court's jurisdiction over the debtor and the property of the estate." *Id.* at 667. As the bankruptcy proceedings are dismissed, there is no jurisdiction to protect. Accordingly, the Court proceeds to address defendants' motions to dismiss.

Defendants Chase, US Bank, and Rushmore move to dismiss plaintiff's claims on grounds of claim preclusion, issue preclusion, and failure to state a claim. The Court addresses each issue in turn.

I.  *Claim Preclusion*

"Claim preclusion prevents relitigation of claims previously tried and decided." *Littlejohn v. United States*, 321 F.3d 915, 919-20 (9th Cir. 2003); *see also Montana v. United States*, 440 U.S. 147, 153 (1979) ("Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.")  Claim preclusion applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)); *see also Drews v. EBI Cos.*, 310 Or. 134, 140, 795 P.2d 531 (1990) (a plaintiff who has litigated against a defendant through final judgment is precluded from bringing a lawsuit arising from the same factual transaction against the same defendant).  A federal court must give the state court's final judgment on the merits the same preclusive effect that an Oregon state court would.[7]  *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).

The elements of claim preclusion are met here.  The same transaction—plaintiff's default on the Note and the subsequent foreclosure—underlies the prior litigation in state and federal court and the instant proceedings.  The parties are also

---

[7] See ORS 43.130 for statutory codification of common law claim preclusion.

Page 7 – OPINION AND ORDER

identical: plaintiff versus Chase and its successors in interest and/or assignees.[8] The claim for declaratory relief in the instant case was already litigated through final judgment in the state court foreclosure proceedings. Furthermore, plaintiff's quiet title action against US Bank repeats verbatim his unsuccessful counterclaim against Chase in the state court foreclosure action. As noted above, the state court granted Chase's motion to strike and dismiss plaintiff's counterclaims with prejudice. As this Court gives preclusive effect to the state court's final judgment, the instant claims seeking quiet title against US Bank, and declaratory judgment against all defendants, are barred by *res judicata*.

II.  *Issue Preclusion*

The doctrine of collateral estoppel, or issue preclusion, prevents plaintiffs from relitigating an issue if the following conjunctive conditions are met: (1) the issues in the two proceedings are identical; (2) the issue was actually litigated in the prior proceeding; (3) the party sought to be precluded had a full and fair opportunity litigate that issue; (4) that party must have been a party or in privity with the party in the prior proceeding; and (5) the prior proceeding was the type that the court will give preclusive effect. *Barackman v. Anderson*, 338 Or. 365, 368, 109 P.3d 370 (2005). The party seeking issue preclusion must prove the first, second, and fourth elements,

---

[8] That plaintiff added defendant Rushmore does not alter the claim preclusion analysis. The declaratory judgment claim was adjudicated between plaintiff and Chase. A prior action between a plaintiff and some defendants precludes a later action between plaintiff and those defendants, even when the later action brings claims against *additional* defendants. *See Coultas v. Payne*, 2013 WL 5524139, *2, 3-4 (D. Or. Sept. 4, 2010).

Page 8 – OPINION AND ORDER

after which "the burden shifts to the party against whom preclusion is asserted to show that the third and fifth elements are not met." *Thomas v. U.S. Bank Nat. Ass'n*, 244 Or. App. 457, 469, 260 P.3d 711 (2011).

Here, all five elements are met. The first two conditions are satisfied because the issues raised in the state court actions are identical to those here: all actions revolve around whether Chase had the legal right to enforce the Note. The state court arrived at a final decision on this issue—it granted Chase's motion for summary judgment and dismissed plaintiff's counterclaims with prejudice. Yet plaintiff again challenges Chase's legal right to enforce the Note in the instant declaratory judgment claim. Plaintiff's fraud claim also rests on this issue: he asserts that Chase did not have the right to enforce the Note and in doing so acted fraudulently by proceeding with the foreclosure.[9] The fourth condition is met because Chase was a party in the prior proceeding, and US Bank and Rushmore are in privity with Chase. Plaintiff has not argued that the third or the fifth conditions have not been met. This Court finds that plaintiff had a full and fair opportunity to litigate the issues in *many* prior proceedings of the type that are properly given preclusive effect. Accordingly, issue preclusion also bars plaintiff's declaratory relief, quiet title, and fraud claims.

/ / /

/ / /

/ / /

---

[9] The mere fact that plaintiff did not previously bring a fraud claim does not change the analysis: issue preclusion applies when the issue actually litigated was essential to the prior decision on the merits, regardless of the specific claim.

Page 9 – OPINION AND ORDER

III.   *Failure to State a Claim under the FDCPA*

Finally, plaintiff alleges violations of the FDCPA by defendant Rushmore. Defendants move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). For the following reasons, defendant's motion is granted.

The FDCPA provides,

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment[.]"

15 U.S.C. § 1692g(b).

Plaintiff alleges that Rushmore is a debt collector within the statute, that Rushmore's March 15, 2019 letter to plaintiff was related to collection of the debt, that plaintiff timely disputed the debt in writing, and that Rushmore failed to timely send verification of the debt upon plaintiff's request. Plaintiff has not included any proof that he disputed the debt in writing, but more importantly, plaintiff has not alleged any specific actions taken by Rushmore to collect the debt after the March letter. Plaintiff seems to conflate the state court judicial foreclosure with debt collection on behalf of Rushmore; this is legally incorrect. *See Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA.").

Without showing that Rushmore did not "cease collection," plaintiff has not pled sufficient facts to establish a claim under the FDCPA. As such, defendant Rushmore's motion to dismiss (doc. 24) is granted.

## CONCLUSION

For the reasons set forth herein, defendants' motions to dismiss (doc. 10; doc. 24) are GRANTED.

IT IS SO ORDERED.

Date this  21st  day of May, 2020.

                                        /s/Ann Aiken
                                          Ann Aiken
                              United States District Judge